Charles V. KRUMBOLTZ, Jr., Appellant,

v.

STATE of Texas, Appellee.

Nos. 04–96–00723–CR to 04–96–00726–CR.

Court of Appeals of Texas,
San Antonio.

March 5, 1997.

Rehearing Overruled April 9, 1997.

James C. Oltersdorf, San Antonio, for appellant.

Brenda Levenstein, Assistant District Attorney, San Antonio, for appellee.

Before STONE, GREEN and DUNCAN, JJ.

## OPINION

STONE, Justice.

This is an appeal from a probation revocation proceeding. Charles Krumboltz, in his sole point of error, contends that the trial court's imposition of a ten year sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and Article I, Section 13 of the Texas Constitution because he had already served approximately nine years under court-ordered community supervision. For the following reasons, we affirm the judgment of the trial court.

In 1987, Krumboltz was charged with two counts of obtaining a controlled substance by use of a forged prescription, and one count of possession of a forged check. Krumboltz pled guilty to each count and received a ten year probated sentence for each count. In 1991, Krumboltz was charged with and pled guilty to one count of possession of a controlled substance under 28 grams. For this offense he also received a ten year probated sentence. In 1996 the State filed a motion to revoke probation for all four offenses alleging that on several occasions during the period of supervision, Krumboltz had engaged in the illegal use of a controlled substance in violation of his probation. Upon entering a plea of "true" to the allegations, the trial court revoked his probation and sentenced him to ten years confinement in the Texas Department of Criminal Justice Institutional Division.[1]

■ Krumboltz argues that since he has "served" nine years of a ten year probated sentence, the imposition of the full sentence is disproportionate to the gravity of the offenses committed. We disagree with his contention and find no support in the law for this proposition.

■ Krumboltz's argument labors under the misperception that time spent fulfilling terms of probation is equivalent to a prison sentence. This belief is certainly rejected by the very language of the Code of Criminal Procedure, *see* TEX.CODE CRIM.PROC.ANN. art. 42.12, § 23(a) (Vernon Supp.1997) (following revocation judge may dispose of matter as if there had been no community supervision), and contradicts the underlying assumption at work when courts determine whether a punishment is so disproportionate to the crime as to violate the Eighth Amendment. *See Harmelin v. Michigan*, 501 U.S. 957, 995–1010, 111 S.Ct. 2680, 2701–10, 115 L.Ed.2d 836 (1991); *McGruder v. Puckett*, 954 F.2d 313, 316–17 (5th Cir.), *cert. denied*, 506 U.S. 849, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992); *Puga v. State*, 916 S.W.2d 547, 549–50 (Tex.App.— San Antonio 1996, no pet.); *cf. Pequeno v. State*, 710 S.W.2d 709, 711 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd) (citing *Samuel v. State*, 477 S.W.2d 611, 614 (Tex.Crim. App.1972)) (finding that imposition of maximum sentence following probation was not excessive as to render punishment cruel and unusual).

■ In determining whether a sentence is grossly disproportionate to the crime, we first look to the gravity of the offense against the length of the prison sentence. *Puga*, 916 S.W.2d at 550. Only if we find that the sentence is disproportionate to the offense committed, we will then consider (1) sentences imposed on other criminals in the same jurisdiction; and (2) the sentences imposed for the commission of the same crime in other jurisdictions. *McGruder*, 954 F.2d at 316.

As noted, Krumboltz was charged with and pled guilty to two counts of counts of obtaining a controlled substance by use of a forged prescription, one count of possession of a forged check, and one count of possession of a controlled substance under 28 grams.

---

1. As noted, Krumboltz received a ten year probated sentence for each offense. Upon revoking probation and imposing punishment, the trial court reduced the length of two of the four ten year sentences to five years. The sentences were ordered to run concurrently.

Krumboltz committed the last stated offense in 1991 while on community supervision. Obtaining a controlled substance by a forged instrument carries a range of punishment of two to twenty years imprisonment, *see* TEX. HEALTH & SAFETY CODE ANN. § 481.129 (Vernon 1992); possession of a forged check carries a range of punishment of two to ten years imprisonment, *see* TEX. PENAL CODE ANN. § 32.21 (Vernon 1994); and possession of a controlled substance under 28 grams is punishable by two to ten years imprisonment. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon 1992). Drug use, as evidenced by this country's "War on Drugs," represents one of the greatest problems affecting the health, welfare, and safety of our population. *Puga*, 916 S.W.2d at 550. In light of the nature of Krumboltz's multiple offenses, the punishment range available for each offense, and the imposition of concurrent sentences, we are unable to find that his punishment violates the Eighth Amendment of the United States Constitution or Article I, Section 13, of the Texas Constitution. *See id.*

The judgment of the trial court is affirmed.