William Roy EILAND, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–98–00722–CR.

Court of Appeals of Texas,
San Antonio.

March 31, 1999.

James C. Oltersdorf, San Antonio, for Appellant.

Enrico B. Valdez, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before PHIL HARDBERGER, Chief Justice, CATHERINE STONE, Justice and SARAH B. DUNCAN, Justice.

## OPINION

Opinion by PHIL HARDBERGER, Chief Justice.

William Roy Eiland ("Eiland") appeals the trial court's judgment, revoking his probation and sentencing him to five years imprisonment. In his sole point of error, Eiland asserts that the sentence was cruel and unusual punishment under both the United States and Texas Constitutions because he had already served approximately ten years of court-ordered supervision. We overrule Eiland's point of error and affirm the trial court's judgment.

### PROCEDURAL HISTORY

In 1989, Eiland pled guilty to possessing a forged check and was sentenced to five years imprisonment. Eiland's sentence was suspended, and he was placed on ten years probation. In 1994, the State moved to revoke Eiland's probation for failure to report, failure to make restitution payments, and failure to pay certain costs and fees. Based on that motion to revoke, the trial court amended the terms and conditions of Eiland's probation in 1995, ordering Eiland to serve ninety days in jail. In 1997, the State filed another motion to revoke probation, alleging Eiland used marijuana, consumed alcoholic beverages, failed to report, failed to pay certain fees, and sexually assaulted a child. At the revocation hearing, the State proceeded on the allegation that Eiland failed to report, and Eiland pled true to the allegation. Based on Eiland's plea, the trial court revoked his probation and sentenced him to five years imprisonment.

### DISCUSSION

█ Eiland asserts that the five year sentence is disproportionate to the gravity of the offense committed since he had already served approximately ten years of a ten year probation. Reviewing courts should grant substantial deference to the discretion of trial courts in imposing sentences. *Thomas v. State*, 916 S.W.2d 578, 582 (Tex.App.—San Antonio 1996, no pet.); *see also Solem v. Helm*, 463 U.S. 277, 291, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). At the time Eiland committed his offense, it was a third degree felony punishable by confinement from two to ten years, and a fine not to exceed $5,000. *See* Act of June 14, 1973, 63rd Leg., R.S., ch. 399, 1973

Tex. Gen. Laws 907–08, 935 (current version at TEX. PENAL CODE ANN. §§ 12.34, 32.21 (Vernon 1994 & Supp.1999)). Trial courts appear inclined to impose harsher sentences when a defendant's probation is revoked, and these harsher sentences have been upheld by reviewing courts. *See, e.g., Phillips v. State,* 887 S.W.2d 267, 270 (Tex.App.—Beaumont 1994, pet. ref'd) (99 years for aggravated sexual assault after adjudication based on failure to attend sex offenders program and failure to wear electronic monitoring); *Fielding v. State,* 719 S.W.2d 361, 363 (Tex.App.—Dallas, 1986, pet.ref'd) (60 years for possession of controlled substance with intent to deliver after revocation for driving with a suspended license). This court has previously rejected the argument that time spent fulfilling terms of probation is equivalent to a prison sentence. *Krumboltz v. State,* 945 S.W.2d 176, 177 (Tex.App.—San Antonio 1997, no pet.).

■ In reviewing the sentence imposed by the trial court, we initially compare the gravity of the offense against the length of the prison sentence. *Id.* If we conclude that the sentence is disproportionate to the offense committed, we then compare the sentence to: (1) sentences for similar crimes in the same jurisdiction; and (2) sentences for the same crime in other jurisdictions. *Id.*

Eiland was before the trial court on the State's second motion to revoke his probation. The trial court was lenient in granting Eiland probation in the first instance. The trial court was even more lenient in continuing Eiland's probation after he violated his terms and conditions and sought to instill in Eiland an understanding of the seriousness of a violation by imposing a ninety day jail sentence. Despite these efforts, Eiland again violated the terms and conditions of his probation. Even then, the trial court imposed a sentence in the middle of the allowable range. In view of the circumstances, we do not find that the trial court's sentence was grossly disproportionate to the offense committed in

violation of the United States Constitution. With respect to the Texas Constitution, "[i]t has long been recognized that if the punishment assessed is within the range of punishment established by the legislature under its constitutional authority, there is no violation of the state constitutional provisions against cruel and unusual punishment." *Thomas,* 916 S.W.2d at 584; *Puga v. State,* 916 S.W.2d 547, 550 (Tex.App.—San Antonio 1996, no pet.). Eiland's point of error is overruled, and the trial court's judgment is affirmed.