NUMBER 13-99-505-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


_ __________________________________________________________________

 

WILLIAM WAYNE SPENCER
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

_____ ______________________________________________________________


On appeal from the 240th District Court


of Fort Bend County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and Yañez


Opinion by Chief Justice Seerden


 Appellant, William Wayne Spencer, pleaded guilty to aggravated
robbery. On appeal, he argues that his plea was not knowing and
voluntary because the trial court failed to admonish him as to the range
of punishment. Appellant further argues that his sentence of forty-five
years was not proportional to the offense committed, and thus
constituted cruel and unusual punishment. We affirm.

Background


 Appellant was charged with the offense of aggravated robbery. 
He pleaded guilty to the offense and had the court assess punishment
without an agreed recommendation from the State. The court held a
punishment hearing and accepted evidence from the State and
appellant. The court then sentenced appellant to forty-five years
confinement in the Institutional Division of the Texas Department of
Criminal Justice. 

Voluntariness of the Plea Agreement


 Article 26.13(a) of the Texas Code of Criminal Procedure provides
that, before accepting a guilty plea, the trial court must admonish a
defendant regarding: (1) the punishment range; (2) the fact that the
State's sentencing recommendation is not binding on the court; (3) the
limited right to appeal; and (4) the possibility of deportation. See Tex.
Code Crim. Proc. Ann. art. 26.13(a) (Vernon 1989). The
admonishments may be made either orally or in writing. Id. If the
admonishments are made in writing, the defendant and his lawyer
must file a statement that the defendant understood the admonitions
and was aware of the consequences of the guilty plea. Id.

 The purpose of article 26.13 is to ensure that only a
constitutionally valid plea is entered by the defendant and accepted by
the trial court. See Meyers v. State, 623 S.W.2d 397, 402 (Tex. Crim.
App. 1981). To be constitutionally valid, a guilty plea must be knowing
and voluntary. See Brady v. United States, 397 U.S. 742, 749, 90 S.Ct.
1463 (1970). The trial court's substantial compliance with article 26.13
establishes a prima facie case that the plea was valid. See Tex. Code 
Crim. Proc. Ann. art. 26.13(c); Eatmon v. State, 768 S.W.2d 310, 312
(Tex. Crim. App. 1989); Ruffin v. State, 3 S.W.3d 140, 145 (Tex. App.--Houston [14th Dist.] 1999, pet. ref'd). Substantial compliance exists
when the trial court has undertaken to admonish the defendant, the
sentence given was within the range prescribed by law, and the
defendant has failed to affirmatively show harm. See Hughes v. State,
833 S.W.2d 137, 139-40 (Tex. Crim. App. 1992). Upon a showing of
substantial compliance, the burden shifts to appellant to show that he
entered the plea without understanding the consequences of his action
and he suffered harm. Eatmon, 768 S.W.2d at 312.

 In his first and second issues, the appellant contends that he
understood the trial court's admonishments to mean that he would
receive a fifteen year sentence, and thus his plea was involuntary. The
record reflects that the court initially instructed the appellant that the
range of punishment for his offense was five to ninety-nine years or life
and a fine of up to $10,000. This admonition correctly states the range
of punishment for appellant's offense. See Tex. Penal Code Ann. §12.32
(Vernon 1994). However, appellant bases his complaint on a
subsequent exchange between the court and appellant: 

 Court: I want to make sure you understand where you
stand, because when we come back on Friday to
hear that presentence investigation and make a
decision on what the punishment is going to be
and the­I'm not bound in the punishment phase
of the trial because the State hasn't agreed on
any number of years. Do you see what I'm
saying?


 Defendant: Yes, sir.


 Court: I'm not bound by that five years. Do you
understand?


 Defendant: What do you mean by "not bound?"


 Court: If you plead guilty and I approve that, the only
way I can do anything different is to allow you to
withdraw your plea; but I'm telling you now if we
do a presentence investigation, the Court's going
to approve the fifteen years. I'm not going to be
bound by­I don't know what the facts of this case
are, and the only time I'm going to hear that is at
the punishment phase of the trial. See what I'm
saying? I'm not going to be bound by that fifteen
year agreement that you entered into. I may give
you fifteen. I may give you less. I may give you
more. I don't know. Do you understand all that?


 Defendant: Yes, sir.


 Court: I want to make sure you understand that. 
Coming back on Friday and saying, "Well, the
judge gave me more than fifteen," if I do, then
you want to withdraw your plea­See what I'm
saying?


 Defendant: No, sir. I plead guilty.


 Court: And without a recommendation?


 Defendant: (Nods head).


 Court: And you understand what that means?


The record fails to reflect that appellant responded to the court's
question. The ranges of punishment mentioned in the above exchange
reflect the amount of time requested by appellant, five years, and the
amount of time suggested by the state, fifteen years, as an "agreed
recommendation," which was rejected by appellant. 

 While this Court may agree that the foregoing exchange was
unclear, a review of the entire record shows that the trial court correctly
and repeatedly admonished the appellant as to the correct range of
punishment. Significantly, the court correctly informed the appellant of
the applicable range of punishment more than once after the allegedly
misleading exchange.

 Immediately following the above colloquy, the appellant confirmed
that his attorney informed him as to the range of punishment. The
court then specifically directed appellant's counsel to go over the court's
written admonitions with appellant to "make sure he knows what his
constitutional rights are." Appellant fully executed the court's written
admonishments, which included the range of punishment for
appellant's offense, by initialing each paragraph thereof and signing it. 
The admonishments also included a statement by the appellant's
attorney stating that he believed that the appellant fully understood the
court's admonitions, that the appellant was fully aware of the
consequences of his plea, and that the appellant "knowingly and
voluntarily" executed the admonitions.

 The court then asked the appellant if anyone had forced him,
coerced him, threatened him, or "told you you'd get by light" to make
him plead guilty. The court again advised appellant that the range of
punishment was confinement in the Institutional Division of the Texas
Department of Corrections for not less than five years or more than
ninety-nine years or life and a fine of up to $10,000. The court asked
the appellant if he understood the range of punishment, and the
appellant answered in the affirmative. 

 The appellant confirmed that his attorney explained the written
admonitions. The appellant agreed that he was giving up his
constitutional rights, and that he was ready to stipulate to certain
evidence, and agreeing to certain admonishments as set out in the
forms. He stated that he understood what the admonishments and
waivers were, and that he understood the consequences. 

 The appellant confirmed that he was pleading guilty without an
agreed recommendation from the State. Finally, the court inquired "You
understand this Court has the ability to assess the full range of
punishment?" The appellant replied in the affirmative, whereupon the
court accepted the appellant's plea. During the punishment hearing
itself, the appellant testified that he understood that the minimum
sentence was five years, and that his "exposure" was five to ninety-nine years or life.

 Based on the foregoing, we conclude that the trial court correctly
admonished the appellant regarding the applicable range of
punishment. Appellant has not shown that he entered his plea without
understanding the consequences of his action. Rather, the record
establishes that appellant's plea was knowing and voluntary. We
overrule appellant's first and second issues. 

Cruel and Unusual Punishment


 In appellant's third issue, he contends that his sentence was
excessive and thus violated the state and federal constitutional bans
against cruel and unusual punishment. As a prerequisite to presenting
a complaint for appellate review, the record must show that the
complaint was made to the trial court by a timely request, objection, or
motion. See Tex. R. App. P. 33.1(a)(1); Keith v. State, 975 S.W.2d 433,
433-34 (Tex. App.--Beaumont 1998, no pet.); Soliz v. State, 945 S.W.2d
300, 301 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd). Appellant first
complained about the excessiveness of his sentence in his pro se notice
of appeal, which was addressed "To Whom It May Concern," and was
filed with the clerk of the trial court. We will construe this document
to include a post-judgment complaint in the nature of a motion for new
trial, and will thus proceed to address the merits of appellant's
argument.

 Texas courts have traditionally held that if the punishment
assessed is within the range of punishment established by the
legislature under its constitutional authority, there is no violation of the
state or federal prohibitions against cruel and unusual punishment. See
Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Samuel
v. State, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972). Appellant's
sentence is well within the range of punishment established by the
legislature, that is, not less than five years or more than ninety-nine
years or life. We thus conclude that appellant's sentence is not cruel
and unusual under the state and federal constitutions.

 However, appellant's sentence is further subject to a
proportionality analysis under the Eighth Amendment to the United
States Constitution. See Solem v. Helm, 463 U.S. 277, 289-90, 103
S.Ct. 3001, 3009 (1983). In Solem, the Supreme Court identified three
factors for a reviewing court to consider when determining whether the
sentence was disproportionate, and thus cruel and unusual: (1) the
gravity of the offense and the harshness of the penalty; (2) the
sentences imposed on other criminals in the same jurisdiction; and (3)
the punishment for the same crime in other jurisdictions. Id. 

 The continued viability of the disproportionality doctrine and the
Solem test was called into question by Harmelin v. Michigan, 501 U.S.
957, 111 S.Ct. 2680 (1991). See Sullivan v. State, 975 S.W.2d. 755,
757 (Tex. App.--Corpus Christi 1998, no pet.)(discussing history and
status of disproportionality doctrine). Subsequent Texas cases
construing Solem and Harmelin have concluded that a disproportionality
analysis survives, and have applied the original Solem test or a
modification thereof as articulated by the Fifth Circuit Court of Appeals
in McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.), cert. denied, 506
U.S. 849, 113 S.Ct. 146 (1992). Compare, e.g., Mathews v. State, 918
S.W.2d 666, 669 (Tex. App.--Beaumont 1996, pet. ref'd)(applying
modification of Solem test); Puga v. State, 916 S.W.2d 547, 549-50
(Tex. App.--San Antonio 1996, no pet.)(same); Lackey v. State, 881
S.W.2d 418, 421 (Tex. App.--Dallas 1994, pet. ref'd)(same); with
Simmons v. State, 944 S.W.2d 11, 14 (Tex. App.--Tyler 1996, pet.
ref'd)(applying Solem test); Davis v. State, 905 S.W.2d 655, 664 (Tex.
App.--Texarkana 1995, pet. ref'd).

 Under McGruder, we initially make a threshold comparison of the
gravity of the offense against the severity of the sentence and then ask
whether the sentence is grossly disproportionate to the offense. 
McGruder, 954 F.2d at 316. Only if gross disproportionality is found do
we then compare this sentence to sentences received for similar crimes
in this and other jurisdictions. Id.; see Jackson v. State, 989 S.W.2d
842, 846 (Tex. App.­Texarkana 1999, no pet.); Lackey, 881 S.W.2d at
421. 

 On appeal, appellant addresses only the gravity of the offense and
the harshness of the penalty, the first factor to be considered under
either the Solem or McGruder test. Appellant argues that his criminal
history consisted of "nonviolent" misdemeanors, and that he had never
before served "more than a few weeks" in a county jail. These facts,
according to appellant, show that his sentence was disproportionate to
his crime. Appellant speculates that the imposition of a forty-five year
sentence indicates that the trial court must have impermissibly
assessed a sentence based on the affirmative finding of a deadly
weapon and unsubstantiated allegations of gang membership.
However, the record does not indicate the rationale for the court's
sentence.

 Appellant was convicted of an aggravated robbery occurring when
he and another individual held up a convenience store. Appellant was
armed with a gun during the commission of the robbery. Appellant first
scouted the store to ensure that it was clear, then ordered the store
clerk to open the cash drawer. The appellant held the gun "at his side"
for the majority of the time rather than aiming it at the store clerk. He
testified that he did so because he didn't want to scare the store clerk,
and "[being I knew the camera was there, I didn't want to flash it like
crazy or anything." The record shows that appellant's accomplice
violently threw the store clerk to the ground, injuring him. Upon leaving
the store, appellant and his accomplice told the clerk not to follow them,
or they would shoot him. The appellant testified that the robbery was
financially motivated, but that he didn't need the money "bad." 

 The evidence shows that appellant had four prior convictions
within the previous two years: a misdemeanor possession of marijuana
(for which he was sentenced to sixty days of imprisonment), a
misdemeanor assault charge (forty-five days of imprisonment), and two
separate misdemeanors of unlawfully carrying a weapon (forty-five days
and sixty days of imprisonment). The appellant agreed that the
sequence of the convictions showed a natural progression toward more
violent crimes. Further, although appellant denied belonging to a gang,
he admitted associating with known gang members.

 While this Court might have imposed a lesser sentence, reviewing
courts should grant substantial deference to the discretion of trial courts
in imposing sentences. Eiland v. State, 993 S.W.2d 215, 216 (Tex.
App.­San Antonio 1999, no pet.); see also Solem, 463 U.S. at 291. The
foregoing evidence supports the trial court's decision to impose a
sentence that was middle of the applicable range of punishment. We
thus hold that Spencer's sentence of forty-five years is not
disproportionate and does not violate the Eighth Amendment's
prohibition against cruel and unusual punishment. We overrule
Spencer's third issue.

 Having overruled each of appellant's issues, the judgment of the
trial court is affirmed.



 ________________________________________

 ROBERT J. SEERDEN, Chief Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 8th day of June, 2000.