Affirmed and Opinion filed October 24, 2002









Affirmed and Opinion filed October 24, 2002.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-01270-CR

____________

 

CARLOS ROJAS MENDEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 679927

 



 

O P I N I O N

Appellant pleaded guilty to a felony offense of indecency
with a child, and the court assessed ten years’ probation.  Eight years later, the State moved to revoke
probation.  The trial court granted the
revocation and assessed punishment of four years in the Texas Department of
Criminal Justice, Institutional Division. On appeal, appellant complains that
(1) the State provided insufficient evidence for the revocation of probation,
and (2) the sentence imposed on the appellant is cruel and unusual
punishment.  We affirm.








FACTUAL AND PROCEDURAL BACKGROUND

Appellant pleaded guilty to indecency with a child in return
for a sentence of ten years’ probation. 
Included in the sentence was a requirement that appellant complete a sex
offender treatment evaluation and participate fully in a treatment
program.  After serving eight years of
his probation, appellant began missing some of the required
classes.  As a result of appellant’s
absences, the State filed a Motion to Revoke Probation.  The court found appellant had violated his
probation requirements and sentenced him to four years incarceration.

STANDARD OF REVIEW

An order revoking probation must be supported by a
preponderance of the evidence.  Scamardo
v. State, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974).  The greater weight of the credible evidence
must create a reasonable belief that the defendant has violated a condition of
his probation.  Id.  When the sufficiency of the evidence
is challenged, the evidence is viewed in the light most favorable to the trial
court’s findings.  Garrett v. State,
619 S.W.2d 172, 174 (Tex. Crim. App. 1981); Montoya v. State, 832 S.W.2d
138, 140 (Tex. App.CFort Worth 1992, no pet.). 
The trial court is the sole judge of the credibility of the witnesses
and the weight to be given their testimony. 
Naquin v. State, 607 S.W.2d 583, 586 (Tex. Crim. App. 1980).  Appellate review of an order revoking
probation is limited to a determination of whether the trial court abused its
discretion.  Flournoy v. State,
589 S.W.2d 705, 709 (Tex. Crim. App. 1979). 

DISCUSSION

Appellant raises five points of error.  In his first three issues, appellant contends
there was insufficient evidence to support the revocation of his
probation.  Therefore, we will address
these issues together.  In his last two
issues, appellant argues, under Texas and United States Constitutions, his
four-year incarceration sentence constitutes cruel and unusual punishment. 








I.          Insufficient Evidence in Revocation of
Probation

We will first address appellant’s claims that the evidence
was insufficient for a revocation of probation. 
In this case, the evidence was sufficient because the State showed (1)
the appellant violated one condition of probation, and (2) the appellant failed
to object to any ambiguity in the motion to revoke by filing a motion to
quash.  The State presented sufficient
evidence to revoke appellant’s probation.

First, for the State to meet its burden of proof in revoking
probation, it needs to show only one violation of the condition of
probation.  See Rodriquez v. State,
2 S.W.3d 744, 746 (Tex. App.CHouston [14th Dist.] 1999, no pet.) (citing Sanchez v.
State, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980)).  One violation alone will satisfy the State’s
burden of preponderance of the evidence. 
See id.  The State’s order
modifying conditions of probation requires appellant to attend a sex offender
treatment program.  One of the amendments
states the following:  

(3)  Submit to a
Sex Offender Treatment Evaluation by 2-20-99. 
Attend and participate fully in an approved treatment program, including
aftercare, with a State of Texas registered Sex Offender Provider and submit
written proof to your Community Supervision Officer until successfully
completed or until further order of the Court. 


Appellant did not successfully complete this program.  In fact, from May through September of 2001,
appellant attended only ten of twenty-one required meetings.  Appellant admitted he did not regularly
attend the meetings, but used lack of money and embarrassment as excuses for
his failure.  In short, the record
supports the trial court’s finding that appellant failed to fully participate
in a treatment program.  








Second, there was no ambiguity in the motion to revoke
probation.  The State met its burden in
revoking probation, even though appellant argues the State failed to provide an
adequate description of the sex offender program.  Appellant argues the trial court abused its
discretion because appellant’s revocation order states “the defendant failed to
participate in the community-based program . . .,” when in fact it was never
ordered he attend a “community-based” program. 
Appellant also argues because the record failed to show the program was
staffed with a registered therapist or the record failed to show the program
was approved by the State, the State failed to meet its burden.  We disagree. 

The proper method for challenging a motion to revoke is a
motion to quash.  See Burkett v. State,
485 S.W.2d 578, 580 (Tex. Crim. App. 1972). 
The allegations in a motion to revoke do not have to be alleged with the
same particularity required in an indictment. 
See Labelle v. State, 720 S.W.2d 101, 104 (Tex. Crim. App.
1986).  If appellant did not receive full
and fair notice of the offense he would be called to defend, he should have
filed a motion to quash.  See Mitchell
v. State, 608 S.W.2d 226, 228B229 (Tex. Crim. App. 1980).  Appellant did, however, receive a full and
fair notice of the claim.  He was fully
aware of the offense he was going to have to defend against.  The motion to revoke clearly alleged that
appellant was in violation of three conditions, including the failure to
complete his treatment program.  There is
no ambiguity in the probation violation, and any possible ambiguity should have
been addressed with a motion to quash.

Moreover, a proceeding to revoke probation is neither civil
nor criminal in nature, but is an administrative hearing.  See Bradley v. State, 564 S.W.2d 727,
729 (Tex. Crim. App. 1978) (en banc). 
The probation revocation hearing is merely an extension of the original
sentencing portion of the defendant’s trial. 
See Cobb v. State, 851 S.W.2d 871, 874 (Tex. Crim. App.
1993).  The State’s burden at this
hearing is not to prove the veracity of every word in every motion, but instead
is to prove that the defendant is the same individual as the one originally
sentenced and that he violated a term or condition of probation.  See id; see also Burke v.
State, 930 S.W.2d 230, 232 (Tex. App.CHouston [14th Dist.] 1996, pet. ref’d).
Appellant conceded he was the same person who pleaded guilty to indecency with
a child eight years ago, and the State proved the probation violation.  Therefore, there was no abuse of discretion
simply because “community-based” was inserted in the motion to revoke order or
because the record failed to prove the program was approved by the State.









II.        Cruel and
Unusual Punishment

Next, we address appellant=s argument his punishment was cruel
and unusual.  Most importantly, to
complain to this Court of a sentence being cruel and unusual at the trial court
level, appellant must first object.  He
did not.  Second, even if appellant had
objected, the imposition of a sentence within the statutory limits is not cruel
and unusual punishment.  Additionally,
serving time of a probated sentence is not equivalent to serving time for an
incarcerated sentence.  The trial judge=s assessment of a four-year
incarceration sentence is not cruel and unusual punishment.

First, appellant did not preserve error by objecting at the
trial court level that his punishment was cruel and unusual.  See Rhoades v. State, 934 S.W.2d 113,
120 (Tex. Crim. App. 1996); see also Jacobs v. State, 80 S.W.3d 631, 632B633 (Tex. App.CTyler 2002, no pet.); Tex. R. App. P. 33.1.  By failing to object to the sentence,
appellant failed to preserve the issue for appeal.  See Nicholas v. State, 56 S.W.3d 760,
768 (Tex. App.CHouston [14th Dist.] 2001, pet. ref’d).  “As a prerequisite to presenting a complaint
for appellate review,  the record must
show that the complaint was made to the trial court by a timely request,
objection, or motion . . . .”  Tex. R. App. P. 33.1(a).  Appellant did not object to his sentence
violating his constitutional rights at the time the sentence was assessed, nor
did he raise this issue in a post-trial motion. 
Therefore, appellant’s argument that the sentence violated his
constitutional rights has been waived.








Second, even if appellant had preserved error by objecting,
the sentence imposed does not constitute cruel and unusual punishment.  The legislature has the power to define
crimes and assess punishment.  See
Jacobs, 80 S.W.3d at 633.  Courts have repeatedly held punishment that
falls within the statutory guidelines is not excessive.  See id.; see also Harris v. State,
656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v. State, 495 S.W.2d
949, 952 (Tex. Crim. App. 1973).  Here,
appellant pleaded guilty to indecency with a child, a third degree felony.  See Tex.
Pen. Code Ann. ' 21.11(c).  The
statutory limitations for a third degree felony are anywhere from two years to
ten years in prison.  See Tex. Pen. Code Ann. ' 12.34(a).  The trial court assessed punishment at the
maximum of ten years, but suspended this punishment for ten years= probation.  Appellant’s ten-year sentence was within the
statutory limits, and therefore it is not cruel and unusual punishment.  See Harris, 656 S.W.2d at 486; Jordan,
495 S.W.2d at 952.  “[W]here the
punishment assessed by the judge or jury was within the limits prescribed by
the statute the punishment is not cruel and unusual within the constitutional
prohibition.”  Samuel v. State,
477 S.W.2d 611, 614 (Tex. Crim. App. 1972). 
After revoking probation, appellant received an incarceration sentence
of only four years.  Four years falls
well within the range set forth by the legislature.  See Tex.
Pen. Code Ann. ' 21.11(c); Tex. Pen.
Code Ann. ' 12.34(a).  Therefore,
appellant’s current punishment is not prohibited as cruel, unusual, or
excessive. 

Additionally, appellant argues because he has “served” eight
years of a ten-year probated sentence, he should receive credit for those eight
years and the maximum sentence the trial court could assess should be two
years.  We disagree.  Appellant is arguing time spent fulfilling
probation is equivalent to a prison sentence. 
This belief is rejected by the courts and by the Code of Criminal
Procedure.  See Krumboltz v. State,
945 S.W.2d 176, 177 (Tex. App.CSan Antonio 1997, no writ); Pequeno v. State, 710
S.W.2d 709, 711 (Tex. App.CHouston [1st Dist.] 1986, pet. ref’d) (finding that
imposition of maximum sentence following probation was not excessive as to
render punishment cruel and unusual); Tex.
Code Crim. Proc. Ann. art 42.12 ' 23(a) (Vernon Supp. 2002) (following
revocation a judge may dispose of a matter as if there was no community
supervision).  Even though appellant
served eight of his ten years of probation, the judge can assess punishment
anywhere in the statutory range.  See
Buerger v. State, 60 S.W.3d 358, 365 (Tex. App.CHouston [14th Dist.] 2001, no
pet.).  The judge assessed punishment
within the statutory range, and therefore appellant’s sentence is not cruel and
unusual.








In conclusion, the State presented sufficient evidence to
revoke appellant’s probation.  The State
showed a violation of probation and any ambiguity should have been presented in
a motion to quash.  Second, appellant failed
to object at the trial level his sentence was cruel and unusual.  By failing to object, he waived the right to
raise this on appeal.  Nonetheless, the
trial court assessed punishment within the statutory limits, which shows the
punishment was not cruel and unusual.  We
overrule all five of appellant’s issues, and affirm the judgment of the trial
court.

 

/s/        Wanda McKee
Fowler

Justice

 

 

Judgment rendered and Opinion filed October 24, 2002

Panel consists of Chief Justice Brister, Justices Hudson and Fowler.

Do Not Publish C Tex. R. App. P.
47.3(b).