MEMORANDUM OPINION




No. 04-03-00453-CR



Frank HERNANDEZ,


Appellant



v.



The STATE of Texas,


Appellee



From the 186th Judicial District Court, Bexar County, Texas 


Trial Court No. 2002-CR-0212-W


Honorable Maria Teresa Herr, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: June 16, 2004


AFFIRMED

 Frank Hernandez appeals the judgment adjudicating him guilty of theft of services ($1,500 -
$20,000), sentencing him to eighteen months in the Texas Department of Criminal Justice - State Jail
Division, and fining him one thousand dollars. We affirm.

 1. Hernandez first argues the eighteen month sentence is cruel and unusual in violation
of his rights under the Eighth Amendment to the United States Constitution and article I, section 13,
of the Texas Constitution, because he has already served approximately seventeen months on deferred
adjudication. (1)

 Hernandez argues his sentence is unconstitutional because it is disproportionate to the crime
committed. He asks us to compare the gravity of the offense to the severity of the sentence and then
compare his sentence to those imposed on other criminal defendants in the same jurisdiction. See
McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.), cert denied, 506 U.S. 849 (1992); Moore v.
State, 54 S.W.3d 529, 541-43 (Tex. App.-Fort Worth 2001, pet. ref'd). However, Hernandez waived
this complaint by failing to object to the sentence on this ground at trial and by failing to present
evidence of disproportionality. See Solis v. State, 945 S.W.2d 300, 301-02 (Tex. App.-Houston [1st
Dist.] 1997, pet. ref'd); Tex. R. App. P. 33.1. Even if Hernandez had preserved this issue for review,
his complaint is without merit. Hernandez's eighteen-month sentence falls within the range of
punishment for the offense with which he was charged and to which he pled guilty; therefore, his
sentence does not constitute cruel and unusual punishment under the Texas Constitution. See Tex.
Pen. Code Ann. §§ 12.35, 31.04(e)(4) (Vernon 2003); Harris v. State, 656 S.W.2d 481, 486 (Tex.
Crim. App. 1983); Puga v. State, 916 S.W.2d 547, 550 (Tex. App.-San Antonio 1996, no pet.). (2)
And, because this is not an "extreme" or "extraordinary" case, the gross disproportionality principle
of the Eighth Amendment does not apply. See Lockyer v. Andrade, 123 S.Ct. 1166, 1173, 1175
(2003). 

 2. Hernandez next argues the trial court erred in failing to conduct a sentencing hearing
after adjudicating him guilty. However, Hernandez waived this error, if any, by failing to object at trial
or raise his complaint in a motion for new trial. See Tex. R. App. P. 33.1; Borders v. State, 846
S.W.2d 834, 836 (Tex. Crim. App. 1992). 

 The trial court's judgment is affirmed.


 Sarah B. Duncan, Justice


Do not publish


1. Hernandez's first issue also contends that "such a lengthy sentence after having served such time on probation
is a violation of due process." However, Hernandez did not raise a due process claim in the trial court; he does not
argue a due process violation in his brief; and none of the cases he cites applies due process principles to a
disproportionality claim. He has therefore inadequately briefed his claimed due process violation by failing to present
argument and authorities to support it. See Tex. R. App. P. 38.1(h); Cardenas v. State, 30 S.W.3d 384, 393 (Tex. Crim.
App. 2000).
2. We do not consider time spent on deferred adjudication probation in determining proportionality. Eiland v.
State, 993 S.W.2d 215, 216-17 (Tex. App.-San Antonio 1999, no pet.); Krumboltz v. State, 945 S.W.2d 176, 177 (Tex.
App.-San Antonio 1997, no pet.).