**Opinion filed February 16, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00076-CR

_____

## ELIDA VEGA TERRAZAS, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-37,474**

## M E M O R A N D U M   O P I N I O N

Elida Vega Terrazas appeals from a judgment adjudicating her guilt for the offense of retaliation. In two issues, Appellant contends that her punishment of confinement for a term of ten years constituted cruel and unusual punishment. We modify the trial court's judgment to delete an impermissible fine. As modified, we affirm.

### Background Facts

Appellant entered a guilty plea in February 2012 for the third-degree felony offense of retaliation. *See* TEX. PENAL CODE ANN. § 36.06(a)(1)(B) (West 2016).

The trial court deferred a finding of guilt and placed her on deferred adjudication community supervision for a term of six years. In January 2016, the State filed a motion to adjudicate guilt and revoke community supervision based upon a single allegation: that Appellant violated the terms and conditions of her community supervision by committing the offense of terroristic threat - family violence.

The trial court heard the motion to adjudicate on March 17, 2016. The State offered evidence that Appellant broke into her son's RV and threatened his girlfriend. The trial court found the State's allegation to be "true," and it adjudicated Appellant guilty of retaliation. The trial court orally pronounced Appellant's sentence at confinement for a term of ten years in the Institutional Division of the Texas Department of Criminal Justice. Although the trial court's judgment of conviction also assessed Appellant's punishment at confinement for ten years, it additionally assessed a fine of $415.

*Analysis*

In two issues, Appellant argues that the punishment assessed constitutes cruel and unusual punishment. She appears to be arguing in her first issue that her punishment of confinement for ten years was cruel and unusual because she had not committed any other offenses for an eight-year period from the date of the original offense until the commission of the subsequent offense, including the four-year period while she was on deferred adjudication community supervision. In her second issue, she asserts that her punishment was excessive and disproportionate to both the original offense of retaliation and the new offense of terroristic threat. Appellant cites *Solem v. Helm* in support of her arguments. *See Solem v. Helm*, 463 U.S. 277, 290–91 (1983).

We note at the outset that Appellant made no objection to her sentence in the trial court, either at the time of sentencing or in any posttrial motion, on any grounds, nor did she ever lodge an objection, under constitutional or other grounds, to the

2

alleged disparity, cruelty, unusualness, or excessiveness of the sentence. The State contends that Appellant has waived her complaints in the absence of an objection in the trial court. We agree. A disproportionate sentence claim must be preserved for appellate review. *See* TEX. R. APP. P. 33.1(a); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). To preserve an error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a). Therefore, Appellant has failed to preserve error and has waived her complaint on appeal. *See id.*; *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (Eighth Amendment issues are forfeited if not raised in the trial court); *Solis v. State*, 945 S.W.2d 300, 301–02 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (holding that a claim of grossly disproportionate sentence in violation of Eighth Amendment was forfeited by failure to object).

Notwithstanding Appellant's waiver, we find that Appellant's sentence did not constitute cruel and unusual punishment. In reviewing a trial court's sentencing determination, "a great deal of discretion is allowed the sentencing judge." *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). We will not disturb a trial court's decision as to punishment absent a showing of abuse of discretion and harm. *Id.*

The Eighth Amendment prohibits sentences that are "grossly disproportionate" to the offense for which the defendant has been convicted. *Bradfield v. State*, 42 S.W.3d 350, 353 (Tex. App.—Eastland 2001, pet. ref'd) (citing *Harmelin v. Michigan*, 501 U.S. 957 (1991)). However, "[o]utside the context of capital punishment, *successful* challenges to the proportionality of particular sentences [will be] exceedingly rare." *Solem*, 463 U.S. at 289–90 (alterations in original) (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)). When a sentence falls within the range of punishment provided by the legislature, it is generally not

"grossly disproportionate" to the offense committed. *See, e.g.*, *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). The statutory range of punishment for a third-degree felony is confinement "for any term of not more than 10 years or less than 2 years." PENAL § 12.34(a) (West 2011). In addition to imprisonment, an individual adjudged guilty of a third-degree felony may be punished by a fine not to exceed $10,000. *Id.* § 12.34(b). Appellant does not argue that her sentence is not within the range that the legislature has provided.

Even if a sentence falls within the statutory punishment range, the sentence may violate the Eighth Amendment if it is grossly disproportionate to the offense or sentences in other similar offenses. *See Bradfield*, 42 S.W.3d at 353. To evaluate the proportionality of a sentence, the first step is for us to make a threshold comparison between the gravity of the offense and the severity of the sentence. *Id.* When analyzing the gravity of the offense, we examine the harm caused or threatened to the victim or society and the culpability of the offender. *See, e.g.*, *Hooper v. State*, No. 11–10–00284–CR, 2011 WL 3855190, at *3 (Tex. App.— Eastland Aug. 31, 2011, pet. ref'd) (mem. op., not designated for publication) (citing *Solem*, 463 U.S. at 291–92). Only if the sentence is grossly disproportionate to the offense do we then compare Appellant's sentence with the sentences received for similar crimes in this jurisdiction or sentences received in other jurisdictions. *Bradfield*, 42 S.W.3d at 353–54.

The limited facts in the record regarding Appellant's retaliation offense show that Appellant pleaded guilty to striking Deanna Hoyer in the face in retaliation for or on account of the status of Hoyer as a person who had reported the occurrence of a crime. Appellant was placed on community supervision, but it was revoked because she threatened to commit a violent offense against Nina Thompson. Additionally, Appellant wrote a letter to her probation officer wherein she stated that she would beat up Thompson again if she got out of prison and lived near her. Thus,

4

Appellant's original offense involved actual physical violence, and her subsequent offense and conduct involved threats of physical violence. Accordingly, the gravity of the offenses is serious.

Appellant also contends that her sentence is disproportionate because she had been on community supervision since February 2012, without incident, up until January 2016. However, we do not consider time served on a term of community supervision in determining the proportionality of punishment for the original charge. *Krumboltz v. State*, 945 S.W.2d 176, 177 (Tex. App.—San Antonio 1997, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(a) (West Supp. 2016)); *see Sullivan v. State*, 975 S.W.2d 755, 756 (Tex. App.—Corpus Christi 1998, no pet.).

Having considered the nature of the charged offense and the actions that led to the revocation of Appellant's deferred adjudication community supervision, we conclude that her ten-year sentence, which falls within the statutory punishment range, is not grossly disproportionate to the offense. Consequently, we need not compare Appellant's sentence with the sentences received for similar crimes in this or other jurisdictions.[1] *See Solem*, 463 U.S. at 292. Appellant's two issues are overruled.

*Impermissible Fine*

In our review of the record, we note that there is a variation between the oral pronouncement of sentence and the written judgment. The judgment includes a fine of $415. When the trial court revoked Appellant's community supervision, adjudicated her guilt, assessed her punishment, and orally pronounced the sentence in open court, the trial court did not mention a fine. The trial court was required to pronounce the sentence in Appellant's presence. *See* CRIM. PROC. art. 42.03; *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When there is a

---

[1]In addition to not preserving the proportionality issue in the trial court, Appellant did not submit any evidence pertaining to sentences for similar crimes in this or other jurisdictions.

variation between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328–29 (Tex. Crim. App. 1998); *see also Taylor*, 131 S.W.3d at 500–02 (explaining the distinction between regular community supervision, in which sentence is imposed but suspended when a defendant is placed on community supervision, and deferred adjudication community supervision, in which the adjudication of guilt and the imposition of sentence are deferred). Because the trial court did not mention any fine when it orally pronounced Appellant's sentence and because we have the necessary information, we modify the trial court's judgment to delete the fine. *See Taylor*, 131 S.W.3d at 502; *Cerna v. State*, No. 11-14-00362-CR, 2015 WL 3918259, at *2 (Tex. App.—Eastland June 25, 2015, no pet.) (mem. op., not designated for publication).

### *This Court's Ruling*

We modify the judgment of the trial court to delete the $415 fine. As modified, we affirm the judgment of the trial court.

JOHN M. BAILEY
JUSTICE

February 16, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

6