

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00819-CR

Carlos Zepeda **GONZALES,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 454th Judicial District Court, Medina County, Texas
Trial Court No. 21-05-14059-CR
Honorable Daniel J. Kindred, Judge Presiding

Opinion by:     H. Todd McCray, Justice
Dissenting Opinion by: Velia J. Meza, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                H. Todd McCray, Justice
                Velia J. Meza, Justice

Delivered and Filed: April 22, 2026

AFFIRMED

Appellant Carlos Zepeda Gonzales appeals the judgment sentencing him to nine years in prison for the offense of online solicitation of a minor. Gonzales complains that his sentence is unconstitutional and that the trial court erred in making a "42A" finding and in failing to inquire into his ability to pay before assessing costs. We affirm.

**BACKGROUND**

Gonzales was indicted for aggravated sexual assault of a child, indecency with a child by contact, and online solicitation of a minor. Pursuant to a plea agreement, he pleaded nolo contendere to the third-degree felony offense of online solicitation of a minor, and the remaining charges were dismissed. The trial court placed Gonzales on deferred adjudication community supervision for ten years.

The State later filed a motion to proceed with adjudication of guilt, alleging seven violations of the conditions of community supervision. Gonzales pleaded true to all but one of the alleged violations. The trial court accepted the pleas, found the admitted violations true, and reset the case for a sentencing hearing following a presentence investigation. At the sentencing hearing, after hearing testimony from both the complainant and the probation officer who completed the presentence investigation, the trial court adjudicated Gonzales guilty and sentenced him to nine years' confinement in the Texas Department of Criminal Justice. The court also assessed a $5,000 fine.

**ANALYSIS**

**I.      Excessive Punishment**

In his first issue, Gonzales contends his nine-year sentence and $5,000 fine constitutes excessive and unreasonable punishment in violation of the Eighth Amendment. *See* U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted."). In order to preserve such a claim for appellate review, the record must demonstrate that the appellant presented a timely request, objection, or motion to the trial court stating the specific grounds for the ruling desired. *Rhodes v. State*, 934 S.W.2d 113, 119-20

04-24-00819-CR

(Tex. Crim. App. 1996); *Trevino v. State*, 676 S.W.3d 726, 730 (Tex. App.—Corpus Christi-Edinburg 2023, no pet.); *see* TEX. R. APP. P. 33.1.

Gonzales made no objection regarding the disproportionality of his sentence in the trial court, nor did he raise the issue by motion for new trial or other post-sentencing procedure. Accordingly, he has forfeited this issue for appellate review. *See Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired.").

We note that even if the claim had been preserved, it would fail. A punishment assessed within the statutory range is generally not excessive, cruel, or unusual. *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016); *see Krumboltz v. State*, 945 S.W.2d 176, 178 (Tex. App.—San Antonio 1997, no pet.). Gonzales was convicted of online solicitation of a minor, a third-degree felony. *See* TEX. PENAL CODE ANN. § 33.021. Such an offense carries a punishment range of confinement for two to ten years and a fine not to exceed $10,000. *See* TEX. PENAL CODE ANN.§ 12.34. The trial court sentenced Gonzales to nine years' confinement and assessed a $5,000 fine, both within the statutory range.

Although a defendant may challenge a sentence as disproportionate even when it falls within the statutory range, such challenges succeed only in the rare case in which the sentence is grossly disproportionate to the offense. *Simpson*, 488 S.W.3d at 322-23. To determine whether a sentence is grossly disproportionate to a particular crime, a court must judge the severity of the

- 3 -

sentence in light of the harm caused to the victim, the culpability of the offender, and the offender's prior offenses. *Id*. at 323. A finding of gross disproportionality is "exceedingly rare" in light of the trial court's virtually "unfettered" discretion to impose punishment within the prescribed range. *Ex parte Chavez*, 213 S.W.3d 320, 323-24 (Tex. Crim. App. 2006).

Texas courts addressing the offense of online solicitation of a minor have rejected similar disproportionality challenges. For example, in *Killian v. State*, the court affirmed an eight-year sentence for online solicitation of a minor, concluding the punishment was not cruel or unusual because it fell within the statutory range and was not otherwise shown to be grossly disproportionate. *Killian v. State*, No. 12-18-00195-CR, 2019 WL 2458996, at *2 (Tex. App.— Tyler May 31, 2019, no pet.) (mem. op., not designated for publication). And notably, in *Gutierrez v. State*, the court rejected a disproportionality challenge to a life sentence imposed for online solicitation of a minor after noting the trial court's discretion to consider the appellant's criminal history. *Gutierrez v. State*, No. 05-23-00683-CR, 2024 WL 5066082, at *6 (Tex. App.—Dallas Dec. 11, 2024, no pet.) (mem. op., not designated for publication) (noting the "sentence may have been harsh, but it was not unconstitutional").

Similarly, Gonzales has not demonstrated that his sentence is excessive. The record reflects that Gonzales received the benefit of deferred adjudication community supervision following his original plea. After the State moved to adjudicate, Gonzales pleaded true to multiple violations of the conditions of that supervision. At the sentencing hearing, the complainant testified regarding the ongoing trauma Gonzales's actions have caused her. A probation officer further testified regarding Gonzales's failure to cooperate with the probation office and his lack of remorse. Finally, the presentence investigation reveals sustained illegal drug use and at least twenty previous arrests, many of them for violent offenses. Under these circumstances, the trial court was well within its

discretion to impose a sentence on the high end of the statutory range of punishment. Accordingly, had Gonzales's complaint been preserved, we would not find the sentence disproportionate to the offense committed. Gonzales's first issue is overruled.

## II.     "42A" Finding

In his second issue, Gonzales contends the trial court improperly imposed a "42A" finding at sentencing, thus restricting his access to parole eligibility. Following the trial court's oral pronouncement of sentence, the State requested that the court:

> . . . make a finding under 42A, formerly 3G, that this is a 3G offense . . . for the judgment.

The trial court responded:

> Right. If . . . that's what it is, which . . . I'm aware that it is, then . . . it will be a finding under . . . Section 12.42[a]?

The State clarified, "42A formerly 3G," and the court replied:

> Yeah, formerly 3G. All right, and … that is just the sentencing considerations, Mr. Gonzales.

This exchange is ambiguous. The State's request for a finding appears to reference article 42A.054(a) of the Code of Criminal Procedure, while the trial court initially referenced Penal Code section 12.42(a), which governs repeat offender punishment enhancements. *See* TEX. CODE CRIM. PROC. art. 42A.054(a); TEX. PENAL CODE ANN. § 12.42(a). After the State clarified its reference, the trial court indicated that the matter concerned only "sentencing considerations." Nevertheless, the court did not clearly announce any formal finding. The written judgment likewise contains no article 42A.054 finding or any other language that would restrict Gonzales's parole eligibility.

When a conflict exists between the oral pronouncement and the written judgment, the oral pronouncement controls, and an appellate court may reform the judgment to conform to what actually occurred in open court. *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002).

However, that principle applies only when there is a discrepancy requiring correction. Here, the trial court's remark regarding the finding followed the pronouncement of sentence and did not alter the punishment assessed. Because the written judgment contains no article 42A.054 finding and the trial court did not clearly announce one, there is no conflict requiring correction, nothing to change or delete, and no restriction from which Gonzales can obtain relief. *See* TEX. R. APP. P. 44.2(b). Accordingly, Gonzales's second issue is overruled.

### III.    Ability to Pay Inquiry

In his third issue, Gonzales contends the trial court erred by assessing court costs without conducting an ability to pay inquiry on the record as required by Article 42.15(a-1) of the Texas Code of Criminal Procedure. Article 42.15(a-1) directs the trial court to inquire on the record whether the defendant has sufficient resources to immediately pay fines and costs and to consider statutory alternatives if the defendant cannot. TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1).

Although the statute uses mandatory language, the Court of Criminal Appeals has held the right to this inquiry is not fundamental to the adjudicatory process and is therefore forfeitable if not properly asserted. *Cruz v. State*, 698 S.W.3d 265, 271 (Tex. Crim. App. 2024). Accordingly, the statute's mandatory language does not excuse preservation of error on appeal. *Id.*; *see Proenza v. State*, 541 S.W.3d 786, 797 (Tex. Crim. App. 2017) (noting "responsibility of asserting forfeitable rights belongs to the litigants . . . not the trial judge [and] such rights will be unavailable on appeal if not urged at trial."). Consistent with *Cruz*, this Court has repeatedly rejected the contention that a trial court's Article 42.15(a-1) obligation is reviewable absent an objection. *See, e.g., Mujica v. State*, No. 04-24-00402-CR, 2025 WL 1063447, at *1–2 (Tex. App.—San Antonio Apr. 9, 2025, pet. ref'd) (mem. op., not designated for publication); *Villareal v. State*, No. 04-24-

00323-CR, 2025 WL 984592, at *1–2 (Tex. App.—San Antonio Apr. 2, 2025, no pet.) (mem. op., not designated for publication).

The record in this case reflects no request for an Article 42.15 inquiry and no objection to the trial court's assessment of the fine, court costs, or attorney's fees. Nor did Appellant invoke the statute or otherwise complain that the court failed to conduct the inquiry on the record. Because Appellant did not timely raise this complaint in the trial court, the issue is not preserved for appellate review. *See* TEX. R. APP. P. 33.1. Gonzales's third issue is overruled.

The judgment of the trial court is affirmed.[1]

H. Todd McCray, Justice

DO NOT PUBLISH

---

[1] The dissent would remand this appeal to enable the trial court to clarify its findings regarding several errors in the judgment. Most notably, the dissent takes issue with the fact that the trial court failed to include a sex-offender registration requirement in the judgment. *See* TEX. CODE CRIM. PROC. art. 42.01 § 1(27). Neither party raises this issue. Sex-offender registration is a statutory consequence of a conviction that arises by operation of law and is therefore not part of the punishment that must be orally pronounced. *See Ex parte Robinson,* 116 S.W.3d 794, 798 (Tex. Crim. App. 2003) (concluding sex offender registration requirement is "non-punitive in both intent and effect"). Because this is unassigned error and non-essential to the resolution of the appeal, we decline to address the issue or modify the judgment on that basis. Appellate courts are obligated to resolve only those issues necessary to the disposition of a case and to refrain from addressing matters that are either unnecessary to the judgment or not properly presented for review. *See* TEX. R. APP. P. 44.2(b).