ACCEPTED
07-15-00002-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
7/22/2015 11:51:34 AM
Vivian Long, Clerk

**No. 07-15-00002-CR**

IN THE
COURT OF APPEALS
OF THE SEVENTH SUPREME JUDICIAL CIRCUIT

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
7/22/2015 11:51:34 AM
VIVIAN LONG
CLERK

# JAKE HENRY OGLESBY
**Appellant**
v.
# STATE OF TEXAS
**Appellee**

APPEAL FROM THE 52ND JUDICIAL DISTRICT COURT
OF CORYELL COUNTY, TEXAS
TRIAL COURT CAUSE NUMBER: FISC-13-21767
AND TRANSFERRED FROM THE TENTH COURT OF APPEALS

## STATE'S BRIEF

CHARLES KARAKASHIAN, JR.
**SPECIAL PROSECUTOR**
**52ND JUDICIAL DISTRICT**
**STATE BAR NO. 11095700**
P.O. Box 929
Gatesville, Texas 76528
(254) 865-5911
(254) 865-5147 – Facsimile
E-Mail: ckarakashian@aol.com
July 22, 2015

**ORAL ARGUMENT NOT REQUESTED**

## NAMES OF THE PARTIES TO THE FINAL JUDGMENT

### APPELLANT: JAKE HENRY OGLESBY

Appellant's Trial Counsel
Mr. Steve Lee
806 South Main
Copperas Cove, Texas 76522

Mr. Bryon Barnhill
331 Indian Trail, Suite 101
Harker Heights, Texas 76548

Appellant's Appellate Counsel
Mr. Stan Schwieger
601 Austin Avenue, Suite 12
Post Office Box 975
Waco, Texas 76703-0975

### THE STATE OF TEXAS

Appellee's Trial Counsel
Ms. Amanda Speer,
Assistant District Attorney
Post Office Box 919
Gatesville, Texas 76528-0919

Appellee's Appellate Counsel
Charles Karakashian, Jr.
Special Prosecutor
Post Office Box 919
Gatesville, Texas 76528-0919

### TRIAL JUDGE
The Honorable Judge Trent Farrell
52nd Judicial District Court
Coryell County Courthouse
620 East Main Street, 2nd Floor
Gatesville, Texas 76528

# TABLE OF CONTENTS

NAMES OF THE PARTIES TO THE FINAL JUDGMENT ................................. ii

TABLE OF CONTENTS ...................................................................... iii

TABLE OF AUTHORITIES ....................................................................v

STATEMENT OF ORAL ARGUMENT ................................................1

STATEMENT OF THE CASE ...............................................................1

REPLY TO ISSUES PRESENTED .........................................................3

*Reply to Issue Number One*

 *Appellant's sentence is neither cruel nor unusual under the Texas Constitution*................................................................................3

*Reply to Issue Number Two*

 *Appellant's sentence is neither cruel nor unusual under the Eighth Amendment of the United States Constitution* .....................................3

*Reply to Issue Number Three*

 *Appellant's sentence is not grossly disproportional given his original offense* .3

STATEMENT OF FACTS ......................................................................3

SUMMARY OF ARGUMENT ...............................................................7

*Reply to Issue Number One Restated*..................................................8

*Reply to Issue Number Two Restated* .................................................8

*Reply to Issue Number Three Restated*................................................8

ARGUMENT AND AUTHORITIES ..................................................................8

    *A.*    *The Standard of Review* ................................................8

    *B.*    *Preservation of Error* .................................................9

    *C.*    *Argument* ....................................................................10

        *1. Appellant's Sentence is within the Prescribed Statutory Range* ..........................................................12

        *2. Cruel or Unusual Punishment under the Texas Constitution and the Eighth Amendment* ...................13

            *a.*    *Cruel "or" Unusual v. Cruel "and" Unusual – A Distinction without a Difference* .................13

            *b.*    *Appellant's punishment should be analyzed under Federal and state constitutional provisions jointly* .................14

        *3. The Disproportionality Analysis* .................................16

            *a.*    *The Threshold Comparison* ..............................16

            *b.*    *The Offense* ...................................................17

            *c.*    *The Offender and His Victim* ............................19

            *d.*    *Appellant Fails to Make it Past the Disproportionality Threshold* ..........................21

            *e.*    *The Other Solem Factors* ................................21

        *4.*  *Appellant's Mental Illness* ................................24

        *5. Mental Illness and Proportionality* ............................26

    *D. Conclusion* ...................................................................28

Prayer for Relief..................................................................................29

Certificate of Service ........................................................................30

Certificate of Compliance ..................................................................30

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Graham v. Florida,*
130 S. Ct. 2011 (2010)................................................................................26, 27

*Harmelin v. Michigan,*
501 U.S. 957, 111 S. Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy J.
concurring).................................................................. 10, 11, 13, 15, 16, 22

*Kennedy v. Louisiana,*
554 U.S. 407 (2008)..................................................................................18

*Lockyer v. Andrade,*
538 U.S.63, 123 S. Ct. 1166, 155 L.Ed.2d 144 (2003) ..................................9

*McGruder v. Puckett,*
954 F.2d 313 (5th Cir.), cert. denied, 506 U.S. 849, 113 146, 121
L.Ed.2d 98 (1992)..............................................................10, 11, 17, 24

*Miller v. Alabama,*
132 S. Ct. 2455 (2012)................................................................25, 26, 27

*Rummel v. Estelle,*
445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980) ..............................16

*Solem v. Helm,*
463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)10, 11, 13, 16, 17, 21, 24

## FEDERAL STATUTES

U.S. Const. Amend. VIII ............................................. 3, 4, 7, 8, 10, 13, 15, 16, 22

# STATE CASES

*Ajisebutu v. State,*
    236 S.W.3d 309 (Tex. App. – Houston [1[st] Dist.] 2007, pet. ref'd)........14, 15

*Alvarez v. State,*
    63 S.W.3d 578 (Tex. App. – Fort Worth 2001, no pet.) ...................10, 20, 22

*Arriaga v. State,*
    335 S.W.3d 331 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) .....22, 23

*Baldridge v. State,*
    77 S.W.3d 890 (Tex. App.--Houston [14th Dist.] 2002, pet. ref'd) ..............14

*Baletka v. State,*
    NO. 09-04-180-CR, NO. 09-04-181-CR 2005 Tex. App. LEXIS 1355, (Tex. App. Beaumont Feb. 16, 2005, no pet.) (mem. op. not design. for pub.) ........18, 23

*Barrow v. State,*
    207 S.W.3d 377(Tex. Crim. App. 2006) ........................................................9

*Cantu v. State,*
    939 S.W.2d 627 (Tex. Crim. App. 1997) ....................................................14

*Ex parte Chavez,*
    213 S.W.3d 320 (Tex. Crim. App. 2006) ......................................................9

*Dale v. State,*
    170 S.W.3d 797 (Tex. App. – Fort Worth 2005, no pet.) ...........10, 13, 16, 17

*Davis v. State,*
    119 S.W.3d 359 (Tex. App.--Waco 2003, pet. ref'd) ...................................24

*Delacruz v. State,*
    167 S.W.3d 904 (Tex. App. – Texarkana 2005, no pet.) .............................16

*Diaz-Galvan v. State,*
    942 S.W.2d 185 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd)...............16

*Dunn v. State,*
　　997 S.W.2d 885 (Tex. App.--Waco 1999, pet. ref'd) ...................................11

*Eiland v. State,*
　　993 S.W.2d 215 (Tex. App.-San Antonio 1999, no pet.)..............................27

*Flowers v. State,*
　　No. 10-06-00187-CR, 2007 Tex. App. LEXIS 301 (Tex. App. Waco Jan. 17, 2007, no pet.) (mem. op. not design. for pub.)...............................................23

*Harris v. State,*
　　656 S.W.2d 481 (Tex. Crim. App. 1983) ....................................................15

*Hernandez v. State,*
　　No. B14-92-00704-CR, 1994 Tex. App. LEXIS 2182, (Tex. App. Houston 14th Dist. Sept. 1, 1994, pet. ref'd.) (mem. op. not design. for pub.)...........15

*Holder v. State,*
　　643 S.W.2d 718 (Tex. Crim. App. 1982) ....................................................22

*Holt v. State,*
　　NO. 2-06-349-CR, 2007 Tex. App. LEXIS 3627 (Tex. App. Fort Worth May 10, 2007, no pet.) (mem. op., not designated for publication).........................21, 22

*Hyde v. State,*
　　723 S.W.2d 754 (Tex. App.--Texarkana 1986, no pet.)...............................15

*Jackson v. State,*
　　680 S.W.2d 809 (Tex. Crim. App. 1984) .........................................9, 10, 12

*Jackson v. State,*
　　989 S.W.2d 842 (Tex. App.--Texarkana 1999, no pet.)..............................14

*Jarvis v. State,*
　　315 S.W.3d 158 (Tex. App. – Beaumont 2010, no pet.)................................9

*Kirk v. State,*
　　949 S.W.2d 769 (Tex. App.--Dallas 1997, pet. ref'd) ..................................12

*Lawrence v. State,*
    420 S.W.3d 329 (Tex. App. – Fort Worth 2014, pet. ref'd.)........................12

*Lewis v. State,*
    428 S.W.3d 860 (Tex. Crim. App. 2014) ......................................................26

*Lewis v. State,*
    448 S.W. 3d 138 (Tex. App. Houston 14th Dist. 2014, pet. ref'd.) ........14, 26

*Loomis v. State,*
    No. 07-06-0281-CR, 2007 Tex. App. LEXIS 82 (Tex. App. Amarillo Jan. 8,
    2007, no pet.) (mem. op. not design. for pub.)...............................................23

*Mason v. State,*
    416 S.W.3d 720 (Tex. App.--Houston [14th Dist.] 2013, pet. ref'd) ............14

*Matthews v. State,*
    918 S.W.2d 666 (Tex. App. – Beaumont 1996 pet. ref'd). ...........................18

*Meadoux v. State,*
    325 S.W.3d 189 (Tex. Crim. App. 2010) ......................................................27

*Moore v. State,*
    54 S.W.3d 529 (Tex. App. Fort Worth 2001 pet. ref'd.)...................15, 20, 24

*Morrison v. State,*
    No. 11-11-00191-CR , 2013 Tex. App. LEXIS 6527, (Tex. App. – Eastland,
    May 30, 2013, pet. ref'd.) (mem. op. not design. for pub.)..............................9

*Muzquiz v. State,*
    No. 14-13-01008-CR  2015 Tex. App. LEXIS 960 (Tex. App. Houston 14th
Dist. Feb. 3, 2015, no pet.) (mem. op. not design. for pub.)....................................22

*Price v. State,*
    35 S.W.3d 136 (Tex. App.--Waco 2000, pet. ref'd) (op. on reh'g.)...............15

*Sloan v. State,*
    418 S.W.3d 884 (Tex. App. Houston 14th Dist. 2013, pet. ref'd.) ...............27

*Sneed v. State,*
  406 S.W.3d 638 (Tex. App. – Eastland 2013, no pet.)............................16, 17

*State ex rel. Smith v. Blackwell,*
  500 S.W.2d 97 (Tex. Crim. App. 1973) .......................................................15

*Stiner v. State,*
  No. 14-13-01118-CR, 2015 Tex. App. LEXIS 1119 (Tex. App. Houston
[14th Dist.] Feb. 5, 2015, pet. ref'd.) (mem. op. not design. for pub.)....................27

*Teinert v. State,*
  No. 01-13-00088-CR, 2014 Tex. App. LEXIS 1478 (Tex. App. Houston [1st
  Dist.] Feb. 11, 2014, no pet.) (mem. op. not design. for pub.)......................26

*Uranga v. State,*
  No. 08-12-00161-CR, 2013 Tex. App. LEXIS 12846 (Tex. App.  - El Paso
  Oct. 16, 2013, no pet.) (mem. op. not design. for pub.) ...............................11

*Valdez v. State,*
  No. 10-12-00410-CR, 2014 Tex. App. Lexis 1375 (Tex. App. – Waco
February 6, 2014, pet. ref'd.) (mem. op. not design. for pub.)..............14, 15, 24, 25

*Von Schounmacher v. State,*
  5 S.W.3d 221 (Tex. Crim. App. 1999) .........................................................12

*Williams v. State,*
  No. 12-01-00311-CR, 2003 Tex. App. LEXIS 3328, 2003 WL 1883474
  (Tex. App.--Tyler Apr. 16, 2003, no pet.) (mem. op., not designated for
  pub.) .........................................................................................................23

*Williamson v. State,*
  175 S.W.3d 522 (Tex. App. – Texarkana 2005, no pet.) ....................9, 18, 21

*Winchester v. State,*
  246 S.W.3d 386 (Tex. App. – Amarillo 2008, pet. ref'd.) ......................11, 21

# STATE STATUTES

Tex. Const. Art. I, §13 ...............................................................................13

Tex. Code Crim. Proc. Art. 42.12, Sec. 3(g) (West 2014) ......................................18

Tex. Gov't Code §508.046 (West 2014) ...................................................................18

Tex. Gov't Code §508.145(d) (West 2014) ...............................................................18

Tex. Pen. Code Sec. 12.32 (West 2013) ....................................................................12

Tex. Penal Code Ann. §12.42(c) (3) (West Supp. 2007) (enacted 2007)................18

Tex. Pen. Code Ann. §22.021(a) (1) (B) (iii) (West 2013) ..........................1, 12, 18

Tex. Pen. Code Ann. §22.021(e) (West 2013).......................................................1, 12

# STATE RULES

Tex. R. App. P. 21.8(a), (c)..........................................................................................2

TEX. R. APP. P. 41.3 ...................................................................................................11

TEX. R. APP. P. 47.1 ...................................................................................................24

TEX. R. APP. P. 47.4 ...................................................................................................24

# OTHER STATES' STATUTES

LA. REV. STAT. ANN. §14:42(D) (2) (a) (2005)...................................................18

GA. CODE ANN. §16-6-1(b) (2005) ......................................................................18

MT CODE ANN. §45-5-503 (2007) (enacted 1997)...............................................18

OK STAT. TIT. 10, §7115(K) (West 2007 Supp.) (enacted 2006)........................18

SC CODE ANN. §16-3-655(C) (1) (Supp. 2007) (enacted 2006) .........................18

## ORAL ARGUMENT

TO THE HONORABLE COURT OF APPEALS:

The State does not request oral argument since oral argument would not be of assistance to this Court.

## STATEMENT OF THE CASE

This is a criminal prosecution for Aggravated Sexual Assault of a Child. On June 25, 2013, the Grand Jury indicted Appellant, Jake Henry Oglesby, with Aggravated Sexual Assault of a Child by intentionally or knowingly causing the sexual organ of a male child younger than fourteen years of age, to contact or penetrate the mouth of Appellant.[1]

The indictment was filed for violation of §22.021(a) (1) (B) (iii) of the Texas Penal Code,[2] punishable as a Felony of the First Degree under §22.021(e) of the Texas Penal Code.[3]

---

[1] (1 CR 4).
[2] *See* Tex. Pen. Code Ann. §22.021(a) (1) (B) (iii) (West 2013).
[3] *See* Tex. Pen. Code Ann. §22.021(e) (West 2013).

Appellant entered a plea of guilty to the above referenced charge on February 5, 2014.[4] The trial court deferred the finding of guilt and placed Appellant on ten years deferred adjudication.[5]

The State filed a Motion to Adjudicate Guilt and Revoke Community Supervision on May 16, 2014. The Motion alleged Appellant violated three conditions of his deferred adjudication.[6]

Appellant entered a plea of not true to each allegation.[7] Testimony was taken on August 29, September 3, 15, 22, and October 3, 2014. On October 29, 2014, the trial court found two of the three alleged violations true.[8] On that same date, the trial court adjudicated Appellant guilty of the offense alleged in the indictment and sentenced Appellant to forty (40) years in the Texas Department of Criminal Justice – Institutional Division.[9]

Trial counsel filed a Motion for New Trial and Motion in Arrest of Judgment on November 21, 2014. It was denied by operation of law on February 4, 2015.[10] Notice of Appeal was filed timely on December 1, 2014.[11]

---

4    (1 CR 56-59).
5    (1 CR 84-85).
6    (1 CR 76-77).
7    (2 RR 5).
8    (7 RR 4).
9    (7 RR 5).
10   *See* Tex. R. App. P. 21.8(a), (c).
11   (1 CR 114 – 117).

## REPLY TO THE ISSUES PRESENTED

*Reply to Issue Number One:*

Appellant's sentence is neither cruel nor unusual under the Texas Constitution.

*Reply to Issue Number Two:*

Appellant's sentence is neither cruel nor unusual under the Eighth Amendment of the United States Constitution.

*Reply to Issue Number Three:*

Appellant's sentence is not grossly disproportional given his original offense.

## STATEMENT OF FACTS

"I saw Mr. Oglesby as a very disturbed young man."[12]

This case is about a very disturbed young man who sexually assaulted a child, was given a second chance by being placed on deferred adjudication probation, then violated his probation within 3 months of receiving it, and now complains of being sentenced to prison.[13]

---

[12]  (2 RR 11).

[13]  Appellant only challenges the severity of the sentence and not the sufficiency of the evidence to revoke.

Dr. William Carter was the first witness called by the defense. He was called as an expert to assist the defense in relation to the allegations concerning the motion to adjudicate. Dr. Carter testified that, based upon his examination of Appellant, he diagnosed him as having two different personality disorders.[14] When asked by defense counsel of Appellant's likelihood for re-offending, Dr. Carter responded:

> "His prognosis in all areas is poor and that would include a high likelihood of recidivism."[15]

Dr. Carter went on to testify prison was the only place that could address Appellant's mental health needs given the limited options of continuing on probation or incarceration.[16] Dr. Carter did testify Appellant was mentally competent and so competency was not an issue.[17] His opinion was that there was a high probability Appellant would continue to be a substantially disturbed person for 5, 10 or 30 years into the future.

Dr. Carter also testified to the treatment programs in prison.[18]

Dr. Carter repeated that Appellant was at high risk to re-offend and even in thirty years would still be sexually disturbed and even deviant.[19] During cross-

---

[14] (2 RR 11, 12) The disorders were borderline personality disorder and histrionic personality disorder.

[15] (2 RR 18) The doctor's psychological evaluation was entered and admitted into evidence as Defendant's Exhibit No. 1 (2 RR 9).

[16] (2 RR 22).

[17] (2 RR 22, 23).

[18] (2 RR 27, 28) Dr. Carter did admit the treatment options in prison were limited.

4

examination, Dr. Carter was asked if it were likely Appellant would re-offend against children:

> "Q. Because in your opinion, Doctor, he has a high risk of reoffending?
> A. Yes.
> Q. With the same type of victims that he's gone after before?
> A. Yes.
> Q. Would you agree the best option in this case is confinement?
> A. Yes."[20]

Dr. Carter, who, remember, was Appellant's own witness, went on to testify that due to Appellant's prognosis, it would be important for him to be kept out of the community and prison was really the only option.[21]

Testimony was also taken concerning the original offense for which Appellant was placed on deferred adjudication. Gatesville police Detective Dennis Fueston testified about his investigation into the offense. He stated the offense involved Appellant touching a five-year-old victim's male sex organ with Appellant's mouth.[22] Detective Fueston, who has 13 to 14 years of investigating sex offenses, was asked his professional opinion of Appellant's risk of re-

---

[19]  (2 RR 34).

[20]  (2 RR 36, 37) The victim in this case was Appellant's six-year-old cousin (2 RR 35, 42).

[21]  (2 RR 45) Dr. Carter also testified he would be concerned if Appellant were around a public park or somewhere where there were small children (2 RR 48). He stated Appellant had a much higher risk of re-offending against children that were around him and known to him (2 RR 43).

[22]  (3 RR78) Previous testimony placed the victim's age at six years old. The Order of Deferred Adjudication sets the child's age at six years (1 CR 84).

offending. He stated that he believed Appellant would be at high risk of committing similar offenses.[23]

The State asked the Court for the maximum sentence. The State asked the Court to consider the original offense, Appellant's failure to comply with the terms and conditions of his deferred adjudication and the testimony of the defense's own expert concerning Appellant's high risk of re-offending until he was of sufficient age to be physically unable to re-offend. The State concluded its argument by stating:

> "This is someone who is a high risk to society, and he does not need to be given the chance to be around anyone to get hurt."[24]

Since Appellant challenges the appropriateness of his sentence, the Court's comment during sentencing should be considered.

> "The Court has considered the relief that's being requested, and the Court will be brief in its sentencing, but the Court will comment briefly on a few issues because of the nature of this matter brought before the Court."[25]

The Court first noted the terms of the original plea agreement, and then it noted that both sides agreed to waive the presentence investigation and the court did waive it. The Court considered all of the evidence presented and found

---

[23] (3 RR 81, 97, 98) The detective expressed concern that Appellant had violated his probation after only three months (3 RR 81). Detective Fueston also testified about a second allegation against Appellant concerning a similar sexual offense against another child, which was subsequently dismissed (3 RR 79-80, 89).
[24] (6 RR 52 – 58).
[25] (7 RR 4).

Appellant did violate two of the terms and conditions of his probation. After adjudicating Appellant guilty of the original offense, the Court commented it would not sentence Appellant to Life as requested by the State, but, under the circumstances, could not continue Appellant on probation. The Court sentenced Appellant to forty years.[26]

## SUMMARY OF ARGUMENT

Appellant raises three constitutional challenges to his forty-year sentence. Appellant first challenges the sentence under the Texas Constitution. Appellant then brings two challenges under the Eighth Amendment of the United States Constitution. He asserts the forty-year sentence is cruel and unusual and grossly disproportionate.[27]

The State argues the forty-year sentence was appropriate given the original offense of Aggravated Sexual Assault of a Child. It was within the prescribed statutory range. It does not violate either the Texas Constitution or the Eighth Amendment of the United States Constitution. Given the serious nature of this sex crime committed by the Defendant against a child, and further, given the testimony

---

[26] (7 RR 4,5) The Court also ordered a post-sentence investigation for purposes of assisting the Texas Department of Criminal Justice for Appellant's placement in an appropriate unit (7 RR 8).

[27] *See* Appellant's Brief at page 4. Appellant states the sentence was 99 years, which is incorrect. Appellant correctly states the term of imprisonment at 40 years in his Statement of the Case at page ix.

of the Defendant's own expert, the sentence of forty years is not disproportionate to the crime.

Appellant has failed to show his sentence was unconstitutional or disproportionate. The State asks Appellant's conviction and punishment be affirmed.

*Reply to Issue Number One Restated:*

*Appellant's sentence is neither cruel nor unusual under the Texas Constitution.*

*Reply to Issue Number Two Restated*:

*Appellant's sentence is neither cruel nor unusual under the Eighth Amendment of the United States Constitution.*

*Reply to Issue Number Three Restated:*

*Appellant's sentence is not grossly disproportional given his original offense.*

## ARGUMENT AND AUTHORITIES

### A. The Standard of Review

A judge's sentencing decision is discretionary as long as it is within the range of punishment. The decision of what particular punishment to assess within the prescribed statutory range is a "normative, discretionary function" and the

8

sentencer's discretion is "essentially unfettered."[28] The sentencing judge is allowed a great deal of discretion. An appellate review of a judge's decision as to punishment should not be disturbed absent a showing of abuse of discretion and harm.[29] The standard of review of a sentence imposed by the trial court is for an abuse of discretion.[30] Further, the severity of a sentence is reviewable on appeal only under a gross-disproportionality standard when the sentence is within the legislatively prescribed range, is based upon the sentencer's informed normative judgment, and is in accordance with due process of law.[31]

## B.    *Preservation of Error*

Appellant timely filed a motion for new trial complaining of the sentence as "cruel and unusual" under the Texas and United States Constitutions because it was grossly disproportionate to the crime.[32] The State concedes error was preserved.[33]

---

[28] *Barrow v. State,* 207 S.W. 3d 377, 379-81 (Tex. Crim. App. 2006*); Jarvis v. State,* 315 S.W. 3d 158, 162 (Tex. App. – Beaumont 2010, no pet. hist.).

[29] *Jackson v. State*, 680 S.W. 2d 809, 814 (Tex. Crim. App. 1984).

[30] *Id; Morrison v. State*, 2013 Tex. App. LEXIS 6527, No. 11-11-00191-CR at *13 (Tex. App. – Eastland, May 30, 2013, pet. ref'd.) (mem. op. not design. for pub.).

[31] *See Jarvis v. State,* 315 S.W. 3d 158, 162 (Tex. App. – Beaumont 2010, no pet. hist.*); Ex parte Chavez,* 213 S.W. 3d 320, 323-24 (Tex. Crim. App. 2006*); see also Lockyer v. Andrade,* 538 U.S. 63, 72-73, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).

[32] (1 CR 10-12) Appellant's Motion for New Trial does not address the difference between "cruel and unusual" and "cruel or unusual" as advanced in his Appellate Brief. Appellant does not complain of the denial of his Motion for New Trial.

[33] *Williamson v. State*, 175 S.W. 3d 522, 524 (Tex. App. – Texarkana 2005, no pet.) A motion for new trial is an appropriate way to preserve this claim for review.

## C.    Argument

The State acknowledges Appellant is a disturbed individual with coexisting personality disorders.  The State further acknowledges Appellant suffered severe sexual abuse as a child as detailed in Dr. Carter's testimony and in Appellant's Brief.  However, Appellant's personality disorders do not rise to the level of insanity.[34]  Nor do his past experiences of abuse excuse his own sexual assault of another young innocent.

Generally, a sentence that falls within the range of punishment authorized by statute is not cruel, unusual or excessive.[35]  A narrow exception to this rule is recognized when the sentence is grossly disproportionate to the offense.[36]  The U.S. Supreme Court applied the "grossly disproportionate" standard in *Solem v. Helm*, a non-death penalty case.[37]  However, after the Supreme Court's decision in *Harmelin v. Michigan*, a question arose as to whether the *Eighth Amendment* did or did not prohibit disproportionate sentences in non-death-penalty cases.[38]  The Fifth Circuit of the United States Court of Appeals concluded in *McGruder v. Puckett*

---

[34]  Appellant concedes his sanity at the time of the offense.  *See* Appellant's Brief at page 7.
[35]  *Jackson v. State*, 680 S.W. 2d 809, 814 (Tex. Crim. App. 1984); *Alvarez v. State*, 63 S.W. 3d 578, 580 (Tex. App. – Fort Worth 2001, no pet.); *Dale v. State*, 170 S.W. 3d 797, 799 (Tex. App. – Fort Worth 2005, no pet.).
[36]  *Dale,* 170 S.W. 3d at 799, *citing Harmelin v. Michigan,* 501 U.S. 957, 1004-05, 111 2680, 2706-2707, 115 L. Ed. 2d 836 (1991) (Kennedy J. concurring); *Solem v. Helm,* 463 U.S. 277, 290-92, 103 3001, 3009-3011, 77 L. Ed. 2d 637 (1983); *McGruder v. Puckett,* 954 F. 2d 313, 316 (5th Cir.), cert. denied, 506 U.S. 849, 113 146, 121 L. Ed. 2d 98 (1992).
[37]  *Solem v. Helm,* 463 U.S. 277, 290-92, 103 S. Ct. 3001, 3009-3011, 77 L. Ed. 2d 637 (1983).
[38]  *Harmelin v. Michigan,* 501 U.S. 957, 1004-05, 111 2680, 2706-2707, 115 L. Ed. 2d 836 (1991) (Kennedy J. concurring).

the proportionality analysis survived *Harmelin,* but *Solem* did not.[39] The Fifth Circuit determined that *Harmelin* required a reviewing court to initially make a threshold comparison of the gravity of the defendant's offenses against the severity of his sentence.[40] Only if the reviewing court finds that the sentence is grossly disproportionate to the offense (the first *Solem* factor), will it consider the remaining *Solem* factors and compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions.[41]

Many Texas intermediate appellate courts, including the Seventh and Tenth Courts of Appeals, have adopted *McGruder's* modified approach.[42]

The questions to answer in a disproportionality analysis therefore are: (1) Was the sentence in the statutory range? (2) Was the sentence grossly disproportionate? And, if so, (3) Was the sentence different from sentences imposed in the same and other jurisdictions?

---

[39] *McGruder,* 954 F. 2d at 316.

[40] *Id.*

[41] *Id.*

[42] *See Winchester v. State,* 246 S.W. 3d 386, 388 – 391, (Tex. App. – Amarillo 2008, pet. ref'd.) for an excellent discussion of the evolution of disproportionality under the *Solem, Harmelin* and *McGruder* decisions, and for a complete list of the intermediate appellate courts following *McGruder. See also Dunn v. State,* 997 S.W. 2d 885, 892 (Waco 1999, pet. ref'd). (S*ince the Texas Supreme Court transferred this appeal from the Tenth Court of Appeals to the Seventh Court of Appeals pursuant to a docket equalization order, this Court should decide the case in accordance with the precedent of the transferor court under principles of stare decisis if its decision otherwise would be inconsistent with the precedent of the transferor court).* Tex. R. App. P. 41.3; *See also Uranga v. State,* 2013 Tex. App. LEXIS 12846 (Tex. App. El Paso, Oct. 16, 2013, no pet.) (mem. op. not design. for pub.).

### 1. Appellant's Sentence is Within the Prescribed Statutory Range

Appellant was convicted of Aggravated Sexual Assault of a Child, a violation of §22.021(a) (1) (B) (iii) of the Texas Penal Code, [43] which is punishable as a Felony of the First Degree under §22.021(e) of the Texas Penal Code. [44] A first-degree felony carries a punishment of from 5 to 99 years or life. [45] Appellant's sentence of forty years was not only well within the prescribed sentencing range, but somewhat less than the maximum sentence. [46]

Generally, punishment assessed within the statutory range for an offense is neither excessive nor unconstitutionally cruel or unusual. [47] When deferred adjudication community supervision is revoked, the trial court may generally impose any punishment within the range authorized by statute. [48] In addition, the punishment imposed is not for the community supervision violations, but rather for the gravity of the initial offense. [49]

Since the sentence imposed is well within the statutory range of punishment, the sentence, under the general rule, is neither cruel nor unusual. As previously

---

[43] *See* Tex. Pen. Code Ann. §22.021(a) (1) (B) (iii) (West 2013).
[44] *See* Tex. Pen. Code Ann. §22.021 (e) (West 2013).
[45] *See* Tex. Pen. Code Sec. 12.32 (West 2011).
[46] Appellant concedes that his sentence was within the statutory range of punishment. *See* Appellant's Brief at page 12.
[47] *Kirk v. State,* 949 S.W. 2d 769, 772 (Tex. App.--Dallas 1997, pet. ref'd); *see also Jackson v. State,* 680 S.W. 2d 809, 814 (Tex. Crim. App. 1984) As long as a sentence is within the proper range of punishment, it will not be disturbed on appeal.
[48] *Von Schounmacher v. State,* 5 S.W. 3d 221, 223 (Tex. Crim. App. 1999*).*
[49] *See Lawrence v. State*, 420 S.W. 3d 329, 333 (Tex. App. – Fort Worth 2014, pet. ref'd.).

discussed, a narrow exception to the general rule is recognized, however, when the sentence is grossly disproportionate to the offense.[50] Here, Appellant claims disproportionality under both the Texas and United States Constitutions. Appellant also argues the Texas Constitutional provision provides protection against either cruel or unusual punishment.[51]

### 2. Cruel and/or Unusual Punishment under the Texas Constitution and the Eighth Amendment.

The Texas Constitution provides protection against "cruel or unusual" punishments.[52] The Eighth Amendment to the United States Constitution provides protection against "cruel and unusual" punishments.[53]

### a. Cruel "or" Unusual v. Cruel "and" Unusual – A Distinction without a Difference

Appellant argues the framers of the Texas Constitution used different terminology than the Federal Constitution for a purpose. He posits the use of the word "or" evidences an intent to protect against either cruel or unusual punishments.[54] However, Texas Courts have consistently concluded there is no

---

[50]  *Harmelin v. Michigan,* 501 U.S. 957, 1004-05, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) (Kennedy J. concurring); *Solem v. Helm,* 463 U.S. 277, 290-92, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983); *Dale,* 170 S.W. 3d 797at 799 (Tex. App. – Fort Worth 2005, no pet.).

[51]  However, Appellant ultimately conceded the Texas Constitution does not provide greater protection than the U.S. Constitution. (*See* Appellant's Brief at page 23.).

[52]  Tex. Const. Art. I, §13: "Excessive bail shall not be required, nor excessive fines imposed nor cruel or unusual punishments inflicted."

[53]  U.S. Const. Amend. VIII: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

[54]  *See* Appellant's Brief at page 11.

significant difference between the United States and Texas Constitutional provisions prohibiting cruel and unusual punishment.[55] The Court of Criminal Appeals has held there is no significance to the difference in phrasing.[56] Although Appellant encourages this court nevertheless to recognize a distinction, this Court is bound by the decisions of the higher court.[57]

### b. Appellant's punishment should be analyzed under federal and state constitutional provisions jointly.

Since the Texas Constitution's "cruel or unusual" punishment provision affords no greater protection than its federal counterpart does, the analysis of Appellant's punishment contention should be performed under both constitutional provisions jointly and not separately.[58] As previously noted, Appellant's sentence

---

[55] *See Cantu v. State*, 939 S.W. 2d 627, 645 (Tex. Crim. App. 1997) comparing Texas Constitution Article I, Section 13 with United States Constitution Amendment VIII. *See Jackson v. State,* 989 S.W. 2d 842, 845 (Tex. App.--Texarkana 1999, no pet.) declining to afford greater rights regarding cruel and unjust punishment under Texas Constitution than are afforded under the United States Constitution.

[56] *See Id* (refusing to interpret the language of the Texas Constitution as more expansive than that of the federal constitution); *Lewis v. State*, 448 S.W. 3d 138, 147 (Tex. App. Houston 14th Dist. 2014, pet. ref'd.); *Valdez v. State*, 2014 Tex. App. Lexis 1375 at FN 2 (Tex. App. – Waco February 6, 2014, pet. ref'd.) (mem. op. not design. for pub.) *See* the note from Chief Justice Gray.

[57] *See Mason v. State,* 416 S.W. 3d 720, 728 n.10 (Tex. App.--Houston [14th Dist.] 2013, pet. ref'd) "When the Court of Criminal Appeals has deliberately and unequivocally interpreted the law in a criminal matter, we must adhere to its interpretation under the dictates of vertical stare decisis." *See also Lewis v. State*, 448 S.W. 3d 138, 146 (Tex. App. – Houston [14th Dist.] 2014, pet. ref'd.).

[58] *See Ajisebutu v. State*, 236 S.W. 3d 309, 311 (Tex. App. – Houston [1st Dist.] 2007, pet. ref'd). When both federal and state constitutional challenges to the punishment assessed have been preserved, Texas Courts of Appeals have addressed these federal and state constitutional provisions jointly. *See Baldridge v. State,* 77 S.W. 3d 890, 893-94 (Tex. App.--Houston [14th Dist.] 2002, pet. ref'd) *and Jackson v. State,* 989 S.W. 2d 842, 845 (Tex. App.--Texarkana 1999, no pet.).

was in the statutory range of punishment. Generally, a sentence within the statutory range of punishment for an offense will not be held cruel or unusual under the Constitution of either Texas or the United States.[59] The length of a criminal sentence is purely a matter of legislative prerogative.[60] Texas has long held that punishments falling within the prescribed statutory limitations are not cruel and unusual within the meaning of the Texas Constitution.[61]

Further, the reasonableness of punishments assessed by juries and trial courts in this State should not be questioned if they are within the range of punishment prescribed by statute for the offense "unless they are so plainly disproportionate to the offense as to shock the sense of humankind and thus constitute cruel and unusual punishments prohibited by the United States and Texas Constitutions." [62] Given the facts and circumstances of this case, along with Appellant's punishment being only a little over mid-range for the offense committed, Appellant's forty-year sentence cannot be considered cruel and/or unusual in violation of either the Texas Constitution or the Eighth Amendment.

---

[59] *Ajisebutu* at 314; *Harris v. State,* 656 S.W. 2d 481, 486 (Tex. Crim. App. 1983).

[60] *Harmelin v. Michigan*, 501 U.S. 957, 962, 111 S. Ct. 2680, 2684, 115 L. Ed. 2d 836 (1991); State *ex rel. Smith v. Blackwell*, 500 S.W. 2d 97, 104 (Tex. Crim. App. 1973).

[61] *See Harris v. State*, 656 S.W. 2d 481, 486 (Tex. Crim. App. 1983); *Price v. State*, 35 S.W. 3d 136, 144 (Tex. App.--Waco 2000, pet. ref'd) (op. on reh'g); *Moore v. State*, 54 S.W. 3d 529, 541 (Tex. App. Fort Worth 2001, pet. ref'd.).

[62] *See Hyde v. State,* 723 S.W. 2d 754, 755 (Tex. App.--Texarkana 1986, no pet.); *see also Hernandez v. State,* No. B14-92-00704-CR, 1994 Tex. App. LEXIS 2182, at *17-18 (Tex. App.--Houston [14th Dist.] Sept. 1, 1994, no pet.) (mem. op., not design. for pub.); *Valdez v. State*, 2014 Tex. App. Lexis 1375 at FN 2 (Tex. App. – Waco February 6, 2014, pet. ref'd.) (mem. op. not design. for pub.).

### 3. The Disproportionality Analysis

A narrow exception to the general rule that a sentence within the statutory range is not cruel and unusual is when the sentence is found to be grossly disproportionate to the offense.[63] In such cases, the sentence violates the *Eighth Amendment's* prohibition against cruel and unusual punishment.[64] Thus, a prohibition against grossly disproportionate punishment survives under the Federal Constitution apart from any consideration of whether the punishment assessed is within the statute's range.[65] This is the third issue presented by Appellant. Having settled Appellant is not entitled to any greater protection under the Texas Constitution than the Eighth Amendment, and the forty-year sentence for Aggravated Sexual Assault of a Child does not generally violate either the Texas Constitution or the Eighth Amendment, the next question, is whether Appellant's sentence of forty years is grossly disproportionate.

### a. The Threshold Comparison

The first step in a disproportionality analysis is a comparison of the

---

[63] *Sneed v. State*, 406 S.W. 3d 638, 643 (Tex. App. – Eastland 2013, no pet.); *Harmelin v. Michigan,* 501 U.S. 957, 1004-05, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991*)* (Kennedy J. concurring); *Solem v. Helm,* 463 U.S. 277, 290-92, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983*)*; *Dale v. State,* 170 S.W. 3d 797 at 799 (Tex. App. – Fort Worth 2005, no pet.).

[64] *Sneed* at 643; *Solem,* 463 U.S. at 290; *Diaz-Galvan v. State,* 942 S.W. 2d 185, 186 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd).

[65] *Sneed* at 643; *Delacruz v. State,* 167 S.W. 3d 904, 906 (Tex. App.--Texarkana 2005, no pet.). However, "outside the context of capital punishment, successful challenges to the proportionality of particular sentences [will be] exceedingly rare." *Solem,* 463 U.S. at 289-90 (quoting *Rummel v. Estelle,* 445 U.S. 263, 272, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980)).

seriousness of the offense against the severity of the sentence. In considering a claim that a sentence is disproportionate, the appellate court must first make a threshold comparison of the gravity of an appellant's offense against the severity of his or her sentence.[66] The court should consider the gravity of the offense in light of the harm caused or threatened to the victim or society, and the culpability of the offender.[67] Therefore, the Appellate Court is looking at two issues as it begins its disproportionality analysis. The first is the offense itself. The second is the harm already caused to the victim and the future risk of harm posed by the offender. Only if a finding that the sentence is grossly disproportionate to the offense is made, should the appellate court then compare the sentence received to sentences imposed for similar crimes in Texas and for the same crime in other jurisdictions.[68]

### b. The Offense

Appellant pled guilty to intentionally or knowingly causing the sexual organ of a child younger than 14 years old to contact or penetrate the mouth of Appellant as charged in the indictment.[69] The offense of Sexual Assault of a Child is a particularly troublesome offense insomuch as it not only physically affects the child, but also can emotionally scar the child for life. "Certainly the great

---

[66] *Sneed* at 643; *McGruder v. Puckett*, 954 F. 2d 313, 316 (5th Cir. 1992); *Dale*, 170 S.W. 3d at 799-800.
[67] *Solem*, 463 U.S. at 292; *Dale*, 170 S.W. 3d at 800.
[68] *Sneed* at 643; *McGruder*, 954 F. 2d at 316; *Dale,* 170 S.W. 3d at 800.
[69] (1 CR 4, 57-63) (5 RR 57)  Appellant later testified during his revocation hearing that he pled guilty to the charge because he was afraid of what might happen to him in prison and he never hurt a child in his entire life (5 RR 82).

potentiality for mental, emotional, and physical scarring of a sexual assault victim – a child of such tender years – cannot be seriously questioned. Short of murder, we cannot envision a crime of greater infamy perpetrated against a child of such tender years."[70]

Punishments towards those convicted of sexually abusing children are evolving towards harsher sentencing.[71] Additionally, the Texas Legislature has taken various steps to demonstrate the extreme gravity with which aggravated sexual assault on children is viewed. Aggravated Sexual Assault on a Child under 14 years of age is a first-degree felony regardless of whether any other violence is present, and the offense is classified as a "3g" offense for purposes of parole.[72]

---

[70] *Matthews v. State*, 918 S.W. 2d 666 (Tex. App. – Beaumont 1996 pet. ref'd.) Matthews initially pleaded guilty to having vaginal intercourse with a female victim who was younger than fourteen years old at the time of the offense.

[71] Before the Supreme Court took the death penalty for child rape off the table, *see Kennedy v. Louisiana,* 554 U.S. 407, 423 (U.S. 2008), Texas and five other states (Georgia, Oklahoma, South Carolina, Montana and Louisiana) had provided the death penalty may be assessed in cases involving the rape of a child. LA. REV. STAT. ANN. §14:42(D) (2) (a) (2005); GA. CODE ANN. §16-6-1(b) (2005); MT CODE ANN. §45-5-503 (2007) (enacted 1997); OK STAT. TIT. 10, §7115(K) (West 2007 Supp.); SC CODE ANN. §16-3-655(C) (1) (Supp. 2007) (enacted 2006). Texas had also indicated a desire to more seriously punish those who sexually assault children by the passage of Texas Penal Code 12.42(c) (3), which made certain aggravated sex offenses against children a capital offense. S*ee* Tex. Penal Code Ann. §12.42(c) (3) (West Supp. 2007) (enacted 2007), and §22.021(a). *See also Williamson v. State*, 175 S.W. 3d 522, 525 (Tex. App. Texarkana 2005, no pet.).

[72] *See* Tex. Gov't Code §508.145(d) (West 2014). *See also* Tex. Code Crim. Proc. Art. 42.12, Sec. 3(g) (West 2014) and Tex. Gov't Code §508.046 (West 2014); *Baletka v. State*, 2005 Tex. App. LEXIS 1355, 5-6 (Tex. App. Beaumont, Feb. 16, 2005, no pet.) (mem. op. not design. for pub.).

### c. The Offender and His Victim

Appellant touched a six-year-old's male sexual organ with his mouth.[73] Now, in his brief, Appellant goes on at great length to excuse his behavior due to his own severe sexual victimization as a child and argues his culpability was diminished by his disorders. Appellant further argues he is not "morally deserving of punishment."[74]

While the State is not unsympathetic to Appellant, of greater concern to the State is the child victim in this case and the potential for future child victims, were Appellant to be released from prison. The testimony of Appellant's own witness, Dr. Carter, is particular damning to Appellant's cause. Dr. Carter was asked about whether he knew if the victim in this case was developmentally slower than an average child was:

> "Q. When Mr. Oglesby looks at these children, they're young and their small. If I were to tell you that they were slower-developing…developing children, would that surprise you as being the victims in the cases?
> A. No.
> Q. And, Mr. Oglesby knowing that he's not a fighter, or maybe he's not the most physically able individual, does that make sense to you that he chose these victims?
> "A. Right. That would be who he could relate to emotionally and he doesn't have the sophistication to pull somebody into victimization (sic) that might be older. So it makes sense that he would turn to younger children.

---

[73] (3 RR 78). The victim was described by Lt. Fueston as five years old. The victim was also described as a six-year-old by Dr. Carter (2 RR 35).

[74] *See* Appellant's Brief at pages 1–3, 22, 23.

"Q. And he's also physically stronger than those individuals?
A. Right."[75]

The individual in the best position to forecast Appellant's future behavior finds Appellant someone who is physically and developmentally weak, did prey and is likely to continue to prey, on victims who were physically and developmentally weak as well. Not only is he likely to prey on children, but on those children who are most vulnerable.

Moments later, Dr. Carter delivered the knockout blow to Appellant's cause:

"Q. Because in your opinion, Doctor, he has a high risk of reoffending?
A. Yes.
Q. With the same type of victims that he's gone after before?
A. Yes.
Q. Would you agree that the best option in this case is confinement?
A. Yes."[76]

The gravity of the offense should also be judged in light of the harm caused or threatened to the victim or society and the culpability of the offender.[77]

Here, Dr. Carter left no doubt as to the future dangerousness of Appellant. Appellant's sentence is not grossly disproportionate to the offense.

---

[75] (2 RR 35, 36).

[76] (2 RR 36, 37).

[77] *See Alvarez v. State*, 63 S.W. 3d 578, 581 (Tex. App. – Fort Worth 2001 no pet.) "Appellant admitted to committing Aggravated Sexual Assault of a Child by intentionally causing his penis to contact the sexual organ of his five- year-old daughter. Given the nature of the offense, Appellant's relationship to the child victim, and his wife's testimony that Appellant would have continued access to his daughter should he be released from custody, we cannot conclude his fifty-five-year sentence is grossly disproportionate to the offense." *See also Moore v. State,* 54 S.W. 3d 529, 542 (Tex. App.--Fort Worth 2001, pet. refused).

### d. Appellant Fails to Make it Past the Disproportionality Threshold

Since Appellant has failed to show his sentence is grossly disproportionate to the offense, this Court does not need to consider the other *Solem* factors.[78] However, out of an abundance of caution, the State will discuss whether these other factors would provide Appellant any relief.

### e. The Other Solem Factors

The other *Solem* factors, as previously discussed, are: (1) The sentences imposed on other criminals in the same jurisdiction; and (2) The sentences imposed for commission of the same crime in other jurisdictions.[79]

Appellant has not provided any evidence of comparative sentencing either in this jurisdiction or in other jurisdictions.[80] However, other Texas courts have found similar sentences not disproportionate.[81]

In *Holt v. State*, Holt pled guilty to two counts of Aggravated Sexual Assault of a Child under fourteen. Holt's father testified that Holt should be "locked up in a facility where he can get the help he needs" and that he "by no means" wanted Holt to "walk out of here." Similarly, Dr. Kantz, a sex offender treatment provider,

---

[78] *See Winchester v. State*, 246 S.W. 3d 386, 389 (Tex. App. – Amarillo, 2008, pet. ref'd).
[79] *See Id.*
[80] *See Williamson v. State*, 175 S.W. 3d 522, 525 (Tex. App. – Texarkana 2005, no pet.)
[81] Considering that Appellant has not provided any evidence of comparative sentencing and several Texas courts have found similar sentences not disproportionate, the State does not believe that any purpose would be served in examining other states' sentences for Aggravated Sexual Assault of a Child.

recognized Holt "should never be in the vicinity of children." The Fort Worth Court found a fifty-year sentence on each count was within the permissible range of sentencing and not disproportionate.[82]

The Fort Worth Court also found a fifty-five-year sentence was not disproportionate in another Aggravated Sexual Assault of a Child case. The Court considered the offense, the relationship of the defendant to the victim (his five-year old-daughter) and the fact that the defendant would have had continued access to his daughter should he be released from custody.[83]

The Houston Court of Appeals for the Fourteenth District found a forty-five-year sentence for Aggravated Sexual Assault of a Child was not disproportionate. The Court first noted the Texas Legislature has determined the first-degree felony of Aggravated Sexual Assault of a Child less than fourteen years of age is punishable by imprisonment for life, or by imprisonment for five to ninety-nine years. The Court further noted this legislative policy determination is entitled to wide deference.[84]

---

[82] *Holt v. State*, 2007 Tex. App. LEXIS 3627 (Tex. App. Fort Worth, May 10, 2007, no pet.) (mem. op. not design. for pub.).

[83] *Alvarez v. State*, 63 S.W. 3d 578, 581 (Tex. App. Fort Worth 2001, no pet.).

[84] *Muzquiz v. State*, 2015 Tex. App. LEXIS 960 (Tex. App. Houston 14th Dist. Feb. 3, 2015, no pet, hist.) (mem. op. not design. for pub.), *Harmelin v. Michigan*, 501 U.S. 957, 998, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) (Kennedy, J. concurring) (plurality opinion); *see also, Holder v. State,* 643 S.W. 2d 718, 721 (Tex. Crim. App. 1982) multiple life sentences resulting from convictions in three incidents of aggravated sexual abuse did not violate the Eighth Amendment; *Arriaga v. State*, 335 S.W. 3d 331, 336 (Tex. App.—Houston [14th

The Houston 14th Court of Appeals, in another case, found the trial court's sentence of life imprisonment was not grossly disproportionate to the appellant's commission of Aggravated Sexual Assault of a Child less than fourteen years of age, the crime to which Appellant pleaded guilty.[85]

This Honorable Court found a life sentence for an aggravated sexual assault of a six-year-old was not disproportionate. This Court noted the defendant "attempted to shift the blame for his penetration of a six-year-old onto the child and her alleged promiscuity. That the child was six and that every adult should know that one does not have sex with a six-year-old merited no comment by him, however. Yet, it does illustrate the depravity of his crime and mind set."[86]

The Beaumont court found two concurrent terms of life imprisonment on two counts of Aggravated Sexual Assault of a Child not grossly disproportionate.[87]

The Waco Court found punishment of forty years' imprisonment for

---

Dist.] 2010, pet. ref'd) a life sentence for Aggravated Sexual Assault of a Child did not violate the Eighth Amendment.

[85] *Arriaga v. State*, 335 S.W. 3d 331, 336 (Tex. App. Houston 14th Dist. 2010, pet. ref'd.);s*ee also Williams v. State,* No. 12-01-00311-CR, 2003 Tex. App. LEXIS 3328, 2003 WL 1883474, at *5 (Tex. App.--Tyler Apr. 16, 2003, no pet.) (mem. op., not design. for pub.) An enhanced 99-year sentence for sexual assault of a child not grossly disproportionate punishment because the crime was a "serious" one with the potential for causing "severe emotional harm" to the child.

[86] *Loomis v. State*, 2007 Tex. App. LEXIS 82 (Tex. App. Amarillo Jan. 8, 2007, no pet.) (mem. op. not design. for pub.).

[87] *Baletka v. State*, 2005 Tex. App. LEXIS 1355 at *6, 7 and 8 (Tex. App. Beaumont Jan. 26, 2005, no pet.) (mem. op. not design. for pub.) The Court noted the defendant was the stepfather and the victim suffered psychological problems after two assaults within two days.

Aggravated Sexual Assault of a Child falls within the statutory range.[88]

Comparing the gravity of the offense against the severity of the sentence and further considering the record in this case, and specifically the testimony of Appellant's own expert, Appellant's forty-year sentence is not grossly disproportionate to the offense.[89]

### 4. Appellant's Mental Illness

Appellant goes to great lengths in arguing his mental illness should be considered in determining whether his sentence is grossly disproportionate.

Appellant spends a significant portion of his brief arguing about the incarceration of the mentally ill. Appellant then posits the question whether mentally ill individuals held criminally responsible must be incarcerated for a much longer period than is necessary, although the individual is no longer a danger based on the current standards of medical care.[90] However, this is a false premise, at least as applied to Appellant. As previously noted, Dr. Carter repeated that Appellant was at high risk to re-offend and even in thirty years would still be

---

[88] *Flowers v. State*, 2007 Tex. App. LEXIS 301 (Tex. App. Waco Jan. 17, 2007, no pet.) (mem. op. not design. for pub.).

[89] *See Moore,* 54 S.W. 3d at 542; *see also Solem,* 463 U.S. at 290-91, 103 S. Ct. at 3010; and *McGruder,* 954 F. 2d at 316. Because we have concluded that the imposed sentence is not grossly disproportionate to the charged offense, we need not address the second and third prongs of the *Solem* analysis. *See* TEX. R. APP. P. 47.1, 47.4; *see also Solem,* 463 U.S. at 291-92, 103 S. Ct. at 3010; *McGruder,* 954 F. 2d at 316; *Davis v. State,* 119 S.W. 3d 359, 364 (Tex. App.--Waco 2003, pet. ref'd); *Valdez* at *14.

[90] *See* Appellant's Brief page 13.

sexually disturbed and even deviant.[91] The State asks this Court to consider the following exchange between Dr. Carter and Appellant's trial counsel:

"Q. Dr. Carter, in your analysis and observations of Mr. Oglesby, the options available to the Court in these circumstances after his plea of guilty to this offense to place him on probation or incarcerate him, given his mental health and mental health issues and need for services, do you believe that prison is the only place that can address those mental health needs?

A. Unfortunately, so."[92]

The State is mindful of the plight of the mentally ill behind bars. However, the State respectfully suggests the proper forum to address this issue is in the Legislature. At least concerning Appellant, given the available options and the risk he poses to children, he is where he needs to be. Further, Appellant does not cite any binding authority that punishment can be considered excessive in light of his mental illness.[93] Appellant concludes his Brief arguing Appellant requires treatment and not a forty-year sentence.[94] Yet, Appellant's own expert acknowledged there was not a high probability for success.[95]

---

[91] (2 RR 34)

[92] (2 RR 22) Dr. Carter went on to testify that if a group home were available, that would be a better option.

[93] *See Valdez v. State*, 2014 Tex. App. Lexis 1375 at FN 2 (Tex. App. – Waco, February 6, 2014, pet. ref'd.) (mem. op. not design. for pub.). The Waco Court went on to find the sentence given to Valdez was not shocking so as to be considered cruel and unusual given Valdez' own expert, Dr. William Carter, testified that confinement in prison was probably necessary. The Waco Court also noted, at *11, Valdez did not provide any tangible evidence demonstrating that the current state of the Texas prison system is ill equipped to address Valdez' mental health issues.

[94] *See* Appellant's Brief at page 24.

[95] (2 RR 18).

### 5. *Mental Illness and Proportionality*

Appellant's final argument compared a recent Supreme Court ruling in *Miller v. Alabama* that found children as constitutionally different from adults for purposes of sentencing, to individuals like Appellant, with some form of mental illness. [96] He argues the Supreme Court's reasoning concerning the "three significant gaps" between children and adults is equally applicable to Appellant. Appellant casts Dr. Carter's testimony in a light supportive of this argument. [97]

The State disagrees with this characterization. Appellant's level of culpability was not directly addressed. Dr. Carter did address Appellant's lack of insight and border line intellectual function but did not correlate those symptoms with a particular level of culpability.[98] This does not mean, however, the Court did not consider Appellant's personal culpability in assessing the sentence.

Further, the key issue in *Miller* is the age of the offender. *Miller* discusses the "distinctive attributes of youth" and that "youth matters" as well as a "child's capacity for change."[99] Appellant, unlike a child, does not have the capacity to change.

In any event, Appellant cites no authority extending *Miller's* reasoning to

---

[96] *See* Appellant's Brief pages 20 -23 quoting from *Miller v. Alabama*, 132 S. Ct. 2455, 2463 (2012).

[97] *Id* at pages 21, 22.

[98] (2 RR 18, 23, 44) Dr. Carter testified Appellant's intelligence scores placed him at borderline intellectual functioning, which means he's not mentally retarded, but not normal.

[99] *See Miller v. Alabama*, 132 S. Ct. 2455, 2466 (2012).

those with some form of mental illness. The Texas Court of Criminal Appeals has found the holding in *Miller* was very narrow and refused to extend it in the case of a juvenile who received a mandatory sentence that included the chance for parole.[100] The Court's holdings in *Miller* and *Graham v. Florida* were narrowly tailored to address mandatory sentences of life imprisonment without the possibility of parole for juveniles.[101] Appellant is an adult offender convicted of Aggravated Sexual Assault of a Child, and *Miller's* holding is limited to juveniles.[102] Neither *Miller* nor *Graham* have any application here, except insofar as *Graham* discusses "Incapacitation" as one of the four goals of penal sanctions which have been recognized as legitimate.[103] Given Dr. Carter's testimony, the State argues the only sure way to guarantee Appellant will not victimize another child is to keep him right where he is.

---

[100] *See Lewis v. State*, 428 S.W. 3d 860, 863-64 (Tex. Crim. App. 2014) and *Lewis v. State*, 448 S.W. 3d 138, 146 (Tex. App. – Houston [14th Dist.], pet. ref'd.).

[101] *Teinert v. State*, 2014 Tex. App. LEXIS 1478 (Tex. App. Houston 1st Dist. Feb. 11, 2014, no pet.) (mem. op. not design. for pub.). *See Miller*, 132 S. Ct. at 2464-66, 2469; *Graham v. Florida*, 560 U.S. at 68-79, 130 S. Ct. at 2026-32.

[102] *Sloan v. State*, 418 S.W. 3d 884, 892 (Tex. App. Houston 14th Dist. 2013) pet ref'd.; *Stiner v. State*, 2015 Tex. App. LEXIS 1119 at *7 (Tex. App. Houston 14th Dist., Feb. 5, 2015, pet. ref'd.) (mem. op. not design. for pub.). Refusing to extend the "spirit of *Miller*" in finding an automatic sentence of life without parole is not unconstitutional when assessed against an adult offender convicted of capital murder.

[103] *See Graham* at 2028. The four legitimate goals of penal sanctions are: retribution, deterrence, incapacitation, and rehabilitation." A sentence lacking any legitimate penological justification is, by its nature, disproportionate to the offense." *Ibid.* quoted by *Meadoux v. State*, 325 S.W. 3d 189, 195 (Tex. Crim. App. 2010).

### D.    *Conclusion*

Appellant's sentence falls well within the statutory range of punishment for Aggravated Sexual Assault of a Child.  The sentence is not disproportionate under either the Texas or the United States Constitutions.

Trial Courts have discretion in fashioning an appropriate sentence considering the crime, defendant, victim and society.  Reviewing courts should grant substantial deference to the discretion of trial courts in imposing sentences.[104] The Texas Legislature has provided a severe punishment for those who would sexually prey on children for a reason.  Such a punishment should not be viewed from the perspective of the one who preyed on the child, but from the perspective of the child, who has forever lost their innocence.

The State respectfully asks this Court to uphold both the conviction and the sentence.

---

[104] *Eiland v. State*, 993 S.W. 2d 215, 216 (Tex. App.-San Antonio 1999, no pet.).

## PRAYER FOR RELIEF

Wherefore, Premises Considered, the State of Texas prays this Court, in all things, affirm the judgment of the Trial Court.

Respectfully Submitted,

*/s/ Charles Karakashian, Jr.*

Charles Karakashian, Jr.
Special Prosecutor
52nd Judicial District
State Bar No. 11095700
P. O. Box 919
Gatesville, Texas 76528-0919
254-865-5911 x 2267
254-865-5147 - (fax)
ckarakashian@aol.com

## Certificate of Service

By my signature affixed above, I, Charles Karakashian, Jr., certify that on July 22, 2015, a true and correct copy of the foregoing State's Brief was delivered to Mr. Stan Schwieger, attorney of record for Appellant, by electronic mail through the required e-filing service at wacocrimatty@yahoo.com.

## Certificate of Compliance

By my signature affixed above, I, Charles Karakashian, Jr., certify that the foregoing Brief complies with the requirements of Tex. R. App. P. and, according to Microsoft Word 2010 in which it was created, contains 7153 words, beginning at the words "Statement of Facts" in the heading of that section, and concluding with the final word in the Prayer in accordance with Rule 9.4(i) (1).